**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**SOUTHERN DIVISION**

-------------------------------------------------------------------X

VERONIQUE HEPLER,

          Plaintiff,

     v.

ABERCROMBIE & FITCH CO., ET AL.,

          Defendants.

-------------------------------------------------------------------X

Case No. 13CV2815

# DEFENDANTS ABERCROMBIE & FITCH CO. AND ABERCROMBIE & FITCH STORES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF VERONIQUE HEPLER'S COMPLAINT PURSUANT TO FRCP 12(b)(1)

VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Telephone:  (614) 464-6400

BOND SCHOENECK & KING
330 Madison Avenue, 39th Floor
New York, NY 10017
Telephone:  (646) 253-2320

*Counsel for Defendants Abercrombie & Fitch Co. and*
*Abercrombie & Fitch Stores, Inc.*

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ...............................................................................................1

II.   PROCEDURAL HISTORY ...............................................................................2

III.  STATEMENT OF FACTS .................................................................................3

      A.    Defendant Abercrombie & Fitch Stores, Inc. ..........................................3

      B.    Abercrombie Pays Certain Management Employees Pursuant to
            the Fluctuating Workweek Method of Calculating Overtime Pay .........3

      C.    Hepler's Employment with Abercrombie..................................................3

      D.    Opt-In Buckland's Employment with Abercrombie...................................5

      E.    Opt-In Marceau's Employment with Abercrombie ...................................5

      F.    Defendants' Rule 68 Offers of Judgment Provided Full Relief to
            Hepler, Buckland, and Marceau for their FLSA and NYLL
            Overtime Claims........................................................................................6

      G.    Communications with Plaintiff's Counsel Regarding Rule 68
            Offers of Judgment ...................................................................................8

      H.    Subsequent Opt-Ins and Corresponding Rule 68 Offers of Full
            Relief..........................................................................................................9

IV.   ARGUMENT OF LAW .....................................................................................10

      A.    Applicable Legal Standard ......................................................................10

      B.    A Rule 68 Offer of Full Relief Deprives a Plaintiff of Her
            "Personal Stake in the Outcome of the Lawsuit," Rendering It
            Moot and Requiring Dismissal Under Rule 12(b)(1) for Lack of
            Subject Matter Jurisdiction .....................................................................10

      C.    Hepler's FLSA Claim Should Be Dismissed Because Defendants'
            Offers of Judgment Deprived Hepler, Buckland, and Marceau of a
            Personal Stake In This Action, Thereby Rendering Their Claims
            Moot and Depriving the Court of Subject Matter Jurisdiction ..............11

            1.    All Plaintiffs Who Had Opted-In Were Given Offers of
                  Judgment on February 18, 2014 .....................................................13

i

2.    Defendants' Rule 68 Offers Exceeded the Maximum Relief
Available to Hepler, Buckland, and Marceau under the
FLSA ......................................................................................................... 13

3.    Plaintiff's Recent Machinations Cannot Prevent Dismissal ..................... 13

4.    Any Argument that the Offers Were Somehow Insufficient
Is Without Merit ....................................................................................... 15

5.    Dismissal of Hepler's Moot FLSA Claim is Proper and
Supported by Interests of Judicial Economy and Fairness ........................ 18

D.   Hepler's NYLL Overtime Claim Should Be Dismissed Because
Defendants' Offers of Full Relief Deprived Hepler and Marceau of
a Personal Stake, Thereby Rendering Their Claims Moot and
Depriving the Court of Subject Matter Jurisdiction ................................................ 19

E.   The Court Should Decline to Exercise Supplemental Jurisdiction
Over Hepler's NYLL Record Keeping Claim and Dismiss the Case
in Its Entirety ........................................................................................................ 20

V.   CONCLUSION .................................................................................................................. 21

CERTIFICATE OF SERVICE ........................................................................................................ 23

# TABLE OF AUTHORITIES

**PAGE**

## Cases

*Abrams v. Interco, Inc.*, 719 F.2d 23 (2d Cir. 1983) ............................................................ 11, 18

*Ambalu v. Rosenblatt*, 194 F.R.D. 451  (E.D.N.Y. 2000) .......................................... 11, 12, 14, 20

*Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) ..................................... 10

*Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635 (2d Cir. 2005) ................................ 10

*Bailey v. Gulf Coast Transp., Inc.*, 280 F.3d 1333 (11th Cir. Fla. 2002) ....................................... 16

*Banasiewicz v. Olympia Mech. Piping & Heating Corp.*, 2012 U.S. Dist. LEXIS 138520 (E.D.N.Y. Aug. 31, 2012) .................................................................................................. 19

*Briggs v. Arthur T. Mott Real Estate LLC*, No. 06-0468, 2006 U.S. Dist. LEXIS 82891 (E.D.N.Y. Nov. 14, 2006) .............................................................................. 10, 13, 16, 21

*Brotherhood of Locomotive Eng'rs Div. 269 v. Long Island R.R.*, 85 F.3d 35 (2d Cir. 1996 ..................................................................................................................................... 21

*Central States SE and SW Areas Health & Welfare Fund v. Merck-Medco Managed Care LLC*, 433 F.3d 181 (2d Cir. 2005) ................................................................................. 10

*Chen v. Allstate Ins. Co.*, Case No. 13-0685, 2013 U.S. Dist. LEXIS 81409 (N.D. Cal. June 10, 2013) ................................................................................................................... 18

*Cisneros v. Taco Burrito King 4, Inc.*, No. 13 CV 6968, 2014 U.S. Dist. LEXIS 33234 (N.D. Ill. Mar. 14, 2014) .................................................................................................... 19

*Comer v. Cisneros*, 37 F.3d 775 (2d Cir. 1994) ................................................................... 20

*Darboe v. Goodwill Indus. of Greater NY & N. NJ*, 485 F. Supp. 2d 221 (E.D.N.Y. 2007) ..14, 20

*Drake v. Morgan Stanley & Co.*, No. CV 09-6467, 2010 U.S. Dist. LEXIS 47627 (C.D. Cal. Apr. 30, 2010) ........................................................................................................... 17

*Eltrich v. Abercrombie & Fitch Stores, Inc.*, Case No. 05-2-38169-8 SEA (2006) ........................ 3

*Eschmann v. White Plains Crane Serv.*, 2014 U.S. Dist. LEXIS 38580, (E.D.N.Y. Mar. 24, 2014) ............................................................................................................................ 4

*Fox v. Bd. of Trustees of the State Univ. of New York*, 42 F.3d 135 (2d Cir. 1994) ..................... 11

*Franco v. Allied Interstate LLC*, No. 13 Civ. 4053, 2014 U.S. Dist. LEXIS 47077 (S.D.N.Y. Apr. 2, 2014) ................................................................................................... 20

*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) ........................................... passim

*Gordon v. Rite Aid Corp.*, No. 09 Civ. 7665, 2012 U.S. Dist. LEXIS 54071 (S.D.N.Y. Mar. 9, 2012) ............................................................................................16, 17

*Hanover Grove Consumer Hous. Coop. v. Berkadia Commer. Mortg., LLC*, No. 13-13553, 2014 U.S. Dist. LEXIS 11918 (E.D. Mich. Jan. 31, 2014) ...................................12

*Huff v. Ramsay Youth Servs. of Ga.*, No. 5:11-CV-455, 2013 U.S. Dist. LEXIS 97960 (M.D. Ga. July 15, 2013) ..................................................................................16

*Kassman v. KPMG LLP*, 925 F. Supp. 2d 453 (S.D.N.Y. 2013)...................................17

*Keim v. ADF Midatlantic, LLC*, No. 12-80577, 2013 U.S. Dist. LEXIS 98373 (S.D. Fla. Jul. 12, 2013) ........................................................................................1, 12, 15

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) ...................................17

*Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990) ...............................................11

*Lopez-Martinez v. Gokul Inc. of N.Y.*, No. 1:13-CV-467, 2013 U.S. Dist. LEXIS 165311 (N.D.N.Y Nov. 21, 2013)...........................................................................12, 13

*Marek v. Chesny*, 473 U.S. 1 (1985)..............................................................................18

*Martin v. PPP, Inc.*, 719 F. Supp. 2d 967 (N.D. Ill. 2010)............................................14

*Mitchell v. Abercrombie & Fitch Co.*, 225 F. App'x. 362 (6th Cir. 2007)......................3

*Mitchell v. Abercrombie & Fitch Co.*, 428 F. Supp. 2d 725 (S.D. Ohio 2006)...............3

*Morgan v. Account Collection Tech., LLC*, No. 05-CV-2131, 2006 U.S. Dist. LEXIS 64528 (S.D.N.Y. Aug. 29, 2006)...................................................................20

*Phifer v. City of New York*, 289 F.3d 49 (2d Cir. 2002) ...............................................10

*Pla v. Renaissance Equity Holdings LLC*, 2013 U.S. Dist. LEXIS 88424 (S.D.N.Y. June 24, 2013)...................................................................................................14

*Preiser v. Newkirk*, 422 U.S. 395 (1975)......................................................................10

*Rand v. Monsanto Co.*, 926 F.2d 596 (7th Cir. 1991) ...........................................11, 14

*Ritz v. Mike Rory Corp.*, No. 12-CV-0367, 2013 U.S. Dist. LEXIS 110786 (E.D.N.Y. Aug. 6, 2013) ................................................................................................14

*Ruggles v. Wellpoint, Inc.*, 253 F.R.D. 61 (N.D.N.Y 2008) .......................................16

*Shiu v. New Peking Taste, Inc.*, 2013 U.S. Dist. LEXIS 185347 (E.D.N.Y. Oct. 24, 2013).........19

*Silva v. Tegrity Personnel Services, Inc.*, No. 4:13-cv-00860, 2013 U.S. Dist. LEXIS 171465 (S.D. Tex. Dec. 5, 2013)...............................................................1, 15

*Smith v. Wayne Farms, LLC*, No. CV-11-S-3590-NE, 2012 U.S. Dist. LEXIS 63841, (N.D. Ala. May 7, 2012 ...............................................................................17

iv

*Smith v. Wynfield Dev. Co.*, 451 F. Supp. 2d 1327 (N.D. Ga. 2006).............................................16

*Solis v. SCA Restaurant Corp*, 938 F. Supp. 2d 380 (E.D.N.Y. 2013)........................................4, 5

*Tanasi v. New Alliance Bank*, No. 12-CV-646S, 2013 U.S. Dist. LEXIS 177035
(W.D.N.Y. Dec. 17, 2013)..................................................................................................20

*Velasquez v. Digital Page, Inc.*, 842 F. Supp. 2d 486 (E.D.N.Y. 2012) ................................14, 18

*Ward v. Bank of New York*, 455 F. Supp. 2d 262 (S.D.N.Y. 2006)...................................10, 14, 21

**Statutes**

28 U.S.C. § 1367(c)(3) ........................................................................................................20

29 U.S.C. § 255(a) ............................................................................................................4, 5

Fair Labor Standard Act ............................................................................................... passim

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ........................................................................ passim

Federal Rule of Civil Procedure 23 ..............................................................................1, 15

Federal Rule of Civil Procedure 68 ................................................................................. passim

**Other Authorities**

New York Civil Practice Law & Rules § 5004 ............................................................................7

New York Comp. Codes R. & Regs. tit. 12, § 142-2.2 .............................................................19

New York Lab. Law § 663(3)..................................................................................................4

## I.    INTRODUCTION

Plaintiff Veronique Hepler's ("Hepler") FLSA claim became moot – and this Court was divested of subject matter jurisdiction – on February 18, 2014, when Hepler and Opt-Ins Edit Buckland ("Buckland") and Dominique Marceau ("Marceau") received Rule 68 Offers of Judgment that exceeded the maximum amount they could recover at trial. At that time, no other opt-ins had joined the case and there were no pending motions for class or collective action certification. Buckland accepted her offer, and the offers to Hepler and Buckland were implicitly rejected when they expired by rule on March 4, 2014. On that date, there still were no additional opt-ins.

On these facts, nothing can be done to salvage Hepler's moot FLSA claim – not the subsequent filing of additional consents to join, nor the subsequent filing of motions for collective or class certification – and Federal Rule of Civil Procedure 12(b)(1) mandates dismissal. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) (noting that "the mere presence of collective action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied"); *Keim v. ADF Midatlantic, LLC*, No. 12-80577, 2013 U.S. Dist. LEXIS 98373, *32 (S.D. Fla. Jul. 12, 2013) (dismissing Rule 23 class action as moot, stating, "[b]ecause the Court concludes that Defendants' offer of judgment provided Plaintiff full relief in this case, Plaintiff's federal case was over as soon as the offer was made"); *Silva v. Tegrity Personnel Services, Inc.*, No. 4:13-cv-00860, 2013 U.S. Dist. LEXIS 171465, *9-10 (S.D. Tex. Dec. 5, 2013) (holding that motion to dismiss must be resolved on facts as they stood on date Rule 68 offers to all existing plaintiffs expired, and refusing to consider subsequent opt-ins or attempts to amend complaint).

## II.   PROCEDURAL HISTORY

On May 10, 2013, Hepler filed a Complaint against Defendants Abercrombie & Fitch Stores, Inc. ("Abercrombie") and Abercrombie and Fitch Co.[1] (collectively "Defendants") asserting a nationwide putative collective action under the Fair Labor Standards Act ("FLSA") for unpaid overtime (Count I), as well as two putative state class claims under New York Labor Law ("NYLL") for unpaid overtime (Count II) and failure to comply with notice and record keeping requirements (Count III). *(See* Compl. at ¶¶ 39-61 (ECF No. 1).) Hepler's claims are based solely on her mistaken belief that Abercrombie's use of the U.S. Department of Labor's ("DOL") fluctuating workweek method for calculating overtime pay for Assistant Managers – instead of the "time-and-a-half" method – was improper. *(Id.)* On May 16, 2013, Buckland opted into the lawsuit. *(See* Buckland Consent to Join (ECF No. 4).) On June 11, 2013, Marceau also opted into the lawsuit. *(See* Marceau Consent to Join (ECF No. 11).)

As of February 18, 2014, Hepler had not moved for conditional or class certification and no other opt-ins had joined the case. On that date, Defendants made Rule 68 Offers of Judgment to Hepler, Buckland, and Marceau, which exceeded their maximum recovery available under the FLSA.[2] (Declaration of Daren S. Garcia ("Garcia Decl.") at ¶ 3.) Buckland accepted her offer. *(Id.* at ¶ 4.) Hepler and Marceau rejected their offers by allowing them to expire. *(Id.)*

As explained below, Hepler's and Marceau's FLSA claims became moot on February 18, 2014, the day the Rule 68 offers were made. Accordingly, Defendants promptly filed a letter

---

[1] Abercrombie & Fitch Co. is a holding company with no store-based employees. (Declaration of Luke Adams ("Adams Decl.") at ¶ 3.) Accordingly, Abercrombie & Fitch Co. was never Hepler's employer and is not a proper party to this action.

[2] Defendants' Rule 68 Offers of Judgment also exceeded the maximum recovery available for Hepler and Marceau's NYLL overtime claims. Buckland was never employed in New York, and therefore cannot assert a claim under the NYLL. (Garcia Decl. at ¶ 2.)

requesting a pre-motion conference on Defendants' Motion to Dismiss Hepler's Complaint as moot pursuant to Rule 12(b)(1). (*See* March 5, 2014 Letter (ECF No. 34).)

### III.    STATEMENT OF FACTS

#### A.    Defendant Abercrombie & Fitch Stores, Inc.

Abercrombie is a national retailer that sells men's and women's casual clothing under several brand names, including Abercrombie & Fitch, abercrombie, and Hollister. (Adams Decl. at ¶ 4.) Abercrombie operates retail stores in forty-nine states and the District of Columbia. (*Id.* at ¶ 5.)

#### B.    Abercrombie Pays Certain Management Employees Pursuant to the Fluctuating Workweek Method of Calculating Overtime Pay.

Abercrombie uses the DOL's fluctuating workweek method for calculating overtime pay for certain management-level employees in certain states, including New York and Maryland. (*Id.* at ¶ 6.) In accordance with the DOL's fluctuating workweek method, Abercrombie pays Assistant Managers a fixed salary regardless of the number of hours worked, plus additional overtime compensation (which Abercrombie calls Supplemental Pay) equal to one-half the regular hourly rate for all overtime hours worked. (*Id.* at ¶ 7.) Abercrombie's use of the fluctuating workweek method has been approved by the Sixth Circuit in *Mitchell v. Abercrombie & Fitch Co.*, 225 F. App'x. 362 (6th Cir. 2007), the Southern District of Ohio in *Mitchell v. Abercrombie & Fitch Co.*, 428 F. Supp. 2d 725 (S.D. Ohio 2006), and the Superior Court of Washington for King County in *Eltrich v. Abercrombie & Fitch Stores, Inc.*, Case No. 05-2-38169-8 SEA (2006).

#### C.    Hepler's Employment with Abercrombie.

On September 5, 2010 Abercrombie hired Hepler as a non-exempt associate at the Sunrise, New York abercrombie store ("abercrombie Sunrise"). (Adams Decl. at ¶ 8.) On

October 2, 2012, Hepler was promoted to Stock Manager and transferred to the Roosevelt Field, New York Abercrombie & Fitch store. (*Id.* at ¶ 9.) On January 19, 2013, Hepler transferred to a non-managerial associate position at abercrombie Sunrise. (*Id.* at ¶ 10.) Hepler was terminated for job abandonment on March 5, 2013. (*Id.* at ¶ 11.) Because Hepler's claims pertain solely to Abercrombie's payment of managers, only her tenure from October 1, 2012 through January 19, 2013 is relevant to this lawsuit.[3]

On October 2, 2012, Hepler executed a Supplemental Pay Acknowledgment, wherein she acknowledged that:

> I understand and acknowledge that as an Assistant Manager, Manager-in-Training, Impact Team Manager, or Trainee, that I am paid a straight salary each week regardless of how many hours I actually work. I also understand and acknowledge that my base salary includes compensation for all hours worked, including those over forty. I understand and acknowledge that if I work more than 40 hours in a week, I will be paid an additional amount at ½ time for all hours over 40 to compensate me for all overtime worked.

(Adams Decl. at ¶ 12.)   Hepler also executed an Orientation Checklist, wherein she acknowledged her understanding that "Assistant Managers receive a weekly base salary for all hours worked each week. Hours over 40 per week are paid at the Supplemental Pay rate." (*Id.* at ¶ 13.)

During the relevant period, Hepler worked 72.07 hours of overtime. (*Id.* at ¶ 14.) Her regular rate was $14.90 per hour. (*Id.* at ¶ 15.) Accordingly, in accordance with the DOL's fluctuating workweek method, Hepler received Supplemental Pay in the amount of $536.93 ($14.90/hr x 50% x 72.07 hrs = $536.93) during the applicable period. (*Id.* at ¶ 16.)

---

[3] The statute of limitations for Hepler's FLSA claim is a maximum of three years and dates back to May 10, 2010. *See Solis v. SCA Restaurant Corp,* 938 F. Supp. 2d 380, 393 (E.D.N.Y. 2013) (citing 29 U.S.C. § 255(a)). The statute of limitations for Hepler's NYLL claims is six years, dating back to May 10, 2007. *See Eschmann v. White Plains Crane Serv.,* 2014 U.S. Dist. LEXIS 38580, *11 (E.D.N.Y. Mar. 24, 2014) (citing N.Y. Lab. Law § 663(3).

### D.    Opt-In Buckland's Employment with Abercrombie.

On March 28, 2008, Abercrombie hired Buckland as a Manager-in-Training at the Annapolis, Maryland Ruehl store. (*Id.* at ¶ 17.)  On August 8, 2008, Buckland was promoted to Assistant Manager. (*Id.* at ¶ 18.)  On January 12, 2010, Buckland transferred to the Annapolis, Maryland Abercrombie & Fitch store, where she remained an Assistant Manager. (*Id.* at ¶ 19.) Buckland resigned her employment on January 11, 2011. (*Id.* at ¶ 20.)  The relevant dates of employment therefore are from May 10, 2010 through January 11, 2011.[4]

At the time of hire, Buckland executed the Supplemental Pay Acknowledgment and Orientation Checklist, confirming her understanding and agreement that she would be paid: (i) a fixed salary each week regardless of how many hours she worked; and (ii) Supplemental Pay equal to one-half of her regular hourly rate for all overtime hours worked. (*Id.* at ¶ 21.)

During the relevant period, Buckland worked 91.50 hours of overtime. (*Id.* at ¶ 22.)  Her regular rate was between $15.12 and $15.58 per hour. (*Id.* at ¶ 23.)  Accordingly, pursuant to the DOL's fluctuating workweek method, Buckland received Supplemental Pay in the amount of $718.99 (($15.12/hr x 50% x 9.50 hrs) + ($15.58/hr x 50% x 82.00 hrs) = $718.99) during the applicable period. (*Id.* at ¶ 24.)

### E.    Opt-In Marceau's Employment with Abercrombie.

On November 25, 2009, Abercrombie hired Marceau as a Manager-in-Training at the Shoppingtown, New York Hollister store. (*Id.* at ¶ 25.)  On March 15, 2010, Marceau was promoted to Assistant Manager. (*Id.* at ¶ 26.)  On February 8, 2011, Marceau transferred to the Carousel, New York Hollister store, where she remained an Assistant Manager. (*Id.* at ¶ 27.)  On May 22, 2011, Marceau transferred to the Great Northern, New York Hollister store, where she

---

[4] Buckland was never employed in New York, and therefore cannot assert a claim under the NYLL. The statute of limitations for Hepler's FLSA claim is a maximum of three years and dates back to May 10, 2010. *See Solis*, 938 F. Supp. 2d at 393 (citing 29 U.S.C. § 255(a)).

again remained an Assistant Manager.  (*Id.* at ¶ 28.)  Marceau quit her employment on July 6,

2011.  (*Id.* at ¶ 29.)  Thus, the relevant dates of Marceau's employment are from November 25,

2009 through July 6, 2011.

At the time of hire, Marceau executed the Orientation Checklist, acknowledging her

understanding and agreement that she would be paid: (i) a fixed salary each week regardless of

how many hours she worked; and (ii) Supplemental Pay equal to one-half of her regular hourly

rate for all overtime hours worked.  (*Id.* at ¶ 30.)

During the relevant period, Marceau worked 42.00 hours of overtime.  (*Id.* at ¶ 31.)  Her

regular rate was between $13.46 and $13.87 per hour.  (*Id.* at ¶ 32.)  Accordingly, pursuant to the

DOL's fluctuating workweek method, Marceau received Supplemental Pay in the amount of

$284.71 (($13.46/hr x 50% x 32.00 hrs) + ($13.87/hr x 50% x 10.00 hrs) = $284.71) during the

relevant limitations period.  (*Id.* at ¶ 33.)

### F.   Defendants' Rule 68 Offers of Judgment Provided Full Relief to Hepler, Buckland, and Marceau for their FLSA and NYLL Overtime Claims.

On February 18, 2014, Defendants made Rule 68 Offers of Judgment to Hepler,

Buckland, and Marceau that:  (i) exceeded the maximum recovery available for their overtime

claims under the FLSA; (ii) exceeded the maximum recovery available for Hepler and Marceau's

overtime claims under the NYLL; and (iii) included reasonable attorneys' fees and court costs as

determined by the Court.  (Garcia Decl. at ¶ 3.)

To calculate the Rule 68 Offers of Judgment, Defendants first determined the total

amount of Supplemental Pay paid to each individual during the applicable statute of limitations

period.  (*Id.* at ¶ 5.)  Second, Defendants multiplied the total Supplemental Pay paid to each

individual by two to determine the alleged underpayment amount – in other words, the difference

between the amount of Supplemental Pay received by each individual and the amount Hepler

6

alleges each individual should have received in overtime pay using the time-and-a-half method. (*Id.* at ¶ 6.) Third, Defendants multiplied the alleged underpayment by two to account for alleged liquidated damages. (*Id.* at ¶ 7.) Fourth, Defendants calculated prejudgment interest at a rate of nine percent per annum, as set forth in New York Civil Practice Law & Rules § 5004. (*Id.* at ¶ 8.) Interest was calculated beginning on the first day of the month in which each individual was paid Supplemental Pay through the date of the Offer of Judgment. (*Id.*) Fifth, Defendants rounded the interest up to the nearest $100.00, which necessarily resulted in an overpayment of interest. (*Id.* at ¶ 9.) Sixth, to ensure that each individual was fully compensated for all alleged damages, Defendants added an additional $200.00 to the above calculation. (*Id.* at ¶ 10.)

In summary, Defendants performed the following computations to calculate the Rule 68 Offers of Judgment to Hepler, Buckland, and Marceau:

- Multiply the total Supplemental Pay paid to each individual by four to account for alleged underpayment and alleged liquidated damages;

- Add prejudgment interest (nine percent per annum dating back to the first day of the month of Supplemental Pay and rounded up to the nearest $100.00);

- Add $200.00.

(*Id.*) Pursuant to this method of calculation, on February 18, 2014, Defendants made Rule 68 Offers of Judgment to Hepler (in the amount of $2,647.72), Buckland (in the amount of $4,075.96), and Marceau (in the amount of $1,932.32). (*Id.* at ¶ 11.) The Rule 68 Offers of Judgment also provided for reasonable attorneys' fees and costs as determined by the Court. (*Id.* at ¶ 12.)

**G.** **Communications with Plaintiff's Counsel Regarding Rule 68 Offers of Judgment.**

On February 18, 2014, defense counsel provided Plaintiff's counsel with a detailed explanation of the method of calculation for the Rule 68 Offers of Judgment, as well as underlying data regarding Hepler's, Buckland's, and Marceau's overtime hours worked and Supplemental Pay received during the applicable limitations periods. (*Id.* at ¶ 13.) On February 24, 2014, after being informed that Defendants intended to file a motion to dismiss if the Offers of Judgment were not accepted, Hepler's former attorney, Michael Palitz, baldly asserted that the offers did not provide full relief. (*Id.* at ¶ 14.) Defendants stated that it was their intention to provide full relief and made multiple requests to Mr. Palitz to explain the basis of his contention that the offers did not provide full relief. (*Id.* at ¶ 15.) Plaintiff's counsel tellingly refused to identify any deficiencies. (*Id.* at ¶ 16; Ex. A.) Instead, on March 3, 2014, Plaintiff rushed to file a pre-hearing letter regarding motions for class and conditional certification.[5] (*See* March 3, 2014 Letter (ECF No. 32).) One day later, Buckland accepted her Offer of Judgment and therefore confirmed that she was afforded full relief. (*See* Buckland's Notice of Acceptance of Offer of Judgment (ECF No. 33).)

On March 13, 2014, defense counsel once again asked Mr. Palitz to explain the basis for his contention that Defendants' Rule 68 Offers of Judgment did not provide full relief. (Garcia Decl. at ¶ 17.) Defense counsel reiterated that it was Defendants' intention to provide full relief to Hepler and Marceau, and that counsel believed the offers provided full relief. (*Id.* at ¶ 18.) In response, Mr. Palitz stated that he "was not going to do [defense counsel's] work for [them]" and

---

[5] Significantly, on March 13, 2014, Hepler filed a letter motion to compel, in which she argued that that she still needed to conduct collective and class action discovery (ECF No. 40), thus evidencing that Plaintiff filed her pre-hearing letter prematurely as a tactic to attempt to avoid dismissal.

that he "had no obligation to tell [defense counsel] why" the offers were allegedly deficient. (*Id.* at ¶ 19.)

## H. Subsequent Opt-Ins and Corresponding Rule 68 Offers of Full Relief.

Subsequent to Defendants' Rule 68 Offers of Judgment to Hepler, Buckland, and Marceau, Plaintiff's counsel repeatedly solicited additional opt-ins, which has resulted in twenty-four other individuals purporting to join the moot lawsuit. (*Id.* at ¶ 20; Ex. B.) Defendants have made Rule 68 Offers of Judgment for full relief to twenty of the twenty-four new opt-ins. (*Id.* at ¶ 21.) All twenty of the Offers of Judgment have been accepted by the new opt-ins.[6] (*Id.* at ¶ 22.)

---

[6] In detail: (i) Elsie Turkovich purported to join the case on March 10, 2014, was offered full relief in the amount of $2,455.56 on March 12, 2014, and accepted Defendants' Rule 68 Offer on March 26, 2014; (ii) Dennis Tchir purported to join the case on March 14, 2014, was offered full relief in the amount of $7,394.19 on March 20, 2014, and accepted Defendants' Rule 68 Offer on April 3, 2014; (iii) Keith Arnold purported to join the case on March 21, 2014, was offered full relief in the amount of $948.71 on March 26, 2014, and accepted Defendants' Rule 68 Offer on April 9, 2014; (iv) Jenny Sam purported to join the case on March 26, 2014, was offered full relief in the amount of $18,312.70 on April 9, 2014, and accepted Defendants' Rule 68 Offer on April 23, 2014; (v) Craig Pickett purported to join the case on March 30, 2014, was offered full relief in the amount of $14,734.24 on April 9, 2014, and accepted Defendants' Rule 68 Offer on April 23, 2014; (vi) Ryan Witham purported to join the case on April 8, 2014, was offered full relief in the amount of $2,517.92 on April 23, 2014, and accepted Defendants' Rule 68 Offer on April 23, 2014; (vii) Matthew Allen purported to join the case on April 9, 2014, was offered full relief in the amount of $3,095.24 on April 9, 2014, and accepted Defendants' Rule 68 Offer on April 23, 2014; (viii) Marie-France Philippone purported to join the case on April 10, 2014, was offered full relief in the amount of $2,993.36 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (ix) Dalong Sivongxay purported to join the case on April 11, 2014, was offered full relief in the amount of $5,605.28 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (x) Kristin Dempsey purported to join the case on April 15, 2014, was offered full relief in the amount of $7,908.20 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xi) Mandy Kagol purported to join the case on April 15, 2014, was offered full relief in the amount of $18,035.08 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xii) Ryan Palermo purported to join the case on April 15, 2014, was offered full relief in the amount of $886.28 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xiii) Tiffany Schwab purported to join the case on April 15, 2014, was offered full relief in the amount of $9,007.96 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xiv) Lauren Talmadge purported to join the case on April 15, 2014, was offered full relief in the amount of $9,563.20 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xv) Mark Goudy purported to join the case on April 28, 2014, was offered full relief in the amount of $3,964.76 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xvi) Jenny Sam purported to re-join the case on April 28, 2014, was offered full relief in the amount of $913.04 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xvii) Adriana Franceschi purported to join the case on May 9, 2014, was offered full relief in the amount of $18,204.68 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xviii) Brooke Williams purported to join the case on May 9, 2014, was offered full relief in the amount of $5,267.20 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xix) Jason Tanner purported to join the case on May 12, 2014, was offered full relief in the amount of $10,214.16 on May 13, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xx) Erika White purported to join the case on May 12, 2014, was offered full relief in

## IV.    ARGUMENT OF LAW

### A.    Applicable Legal Standard.

When faced with a motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction, a court need not accept contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to matters outside the pleadings. *See Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002); *Ward v. Bank of New York*, 455 F. Supp. 2d 262, 265 (S.D.N.Y. 2006); *Briggs v. Arthur T. Mott Real Estate LLC*, No. 06-0468, 2006 U.S. Dist. LEXIS 82891, *4 (E.D.N.Y. Nov. 14, 2006). As the party invoking the court's jurisdiction, the plaintiff has the burden of demonstrating subject matter jurisdiction. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

### B.    A Rule 68 Offer of Full Relief Deprives a Plaintiff of Her "Personal Stake in the Outcome of the Lawsuit," Rendering It Moot and Requiring Dismissal Under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction.

Article III, Section 2 of the United States Constitution limits the jurisdiction of federal courts to "actual cases and controversies." *Central States SE and SW Areas Health & Welfare Fund v. Merck-Medco Managed Care LLC*, 433 F.3d 181, 198 (2d Cir. 2005). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer

---

the amount of $3,546.84 on May 13, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xxi) Hilary Gibbs purported to join the case on May 13, 2014 and has not received an Offer of Judgment; (xxii) Shurika Roberts-Crawford purported to join the case on May 26, 2014 and has not received an Offer of Judgment; (xxiii) Reed Hofmann purported to join the case on June 11, 2014 and has not received an Offer of Judgment; (xxiv) Cynthia Chan purported to join the case on June 11, 2014 and has not received an Offer of Judgment. (Garcia Decl. at ¶ 23.)

proceed and must be dismissed as moot. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990).

When a defendant makes a Rule 68 offer that meets or exceeds the maximum recovery available to a plaintiff, the case ceases being an "actual controversy" and therefore becomes moot. *See Abrams v. Interco, Inc.*, 719 F.2d 23, 32 (2d Cir. 1983) (when defendant offers all that plaintiff could hope to recover through litigation, "there is no justification for taking the time of the court and defendant in the pursuit of a minuscule claim which defendant has . . . satisfied."). In such a case, the plaintiff no longer has any legally cognizable interest or personal stake in the matter. *See Ambalu v. Rosenblatt*, 194 F.R.D. 451, 452 (E.D.N.Y. 2000) (citing *Rand v, Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.")). Therefore, the case must be dismissed for lack of subject matter jurisdiction. *Fox v. Bd. of Trustees of the State Univ. of New York*, 42 F.3d 135, 140 (2d Cir. 1994), *cert. denied*, 515 U.S. 1169 (1995); *Abrams*, 719 F.2d at 32.

C.  **Hepler's FLSA Claim Should Be Dismissed Because Defendants' Offers of Judgment Deprived Hepler, Buckland, and Marceau of a Personal Stake In This Action, Thereby Rendering Their Claims Moot and Depriving the Court of Subject Matter Jurisdiction.**

The Supreme Court recently held that the mootness doctrine applies in the context of putative collective actions under the FLSA. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1532 (2013) (when plaintiff is offered full relief, she "has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness.").

11

Defendants' Rule 68 Offers of Judgment to Hepler, Buckland, and Marceau (the only opt-ins at the time) exceeded their maximum recovery available under the FLSA.[7] (Garcia Decl. at ¶ 3.) Therefore, in accordance with the Supreme Court's *Genesis* decision, the offers deprived Hepler, Buckland, and Marceau of a personal stake in the purported FLSA collective action, thus rendering their claims moot as of February 18, 2014. *See Ambalu*, 194 F.R.D. at 452 (citing *Rand*, 926 F.2d at 598) (emphasis added) ("***Once the defendant offers to satisfy the plaintiff's entire demand***, there is no dispute over which to litigate . . . and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."); *see also Hanover Grove Consumer Hous. Coop. v. Berkadia Commer. Mortg., LLC*, No. 13-13553, 2014 U.S. Dist. LEXIS 11918, *15-16 (E.D. Mich. Jan. 31, 2014) ("[A]t the time defendant offered judgment to plaintiff for all of the individual relief requested in the first amended complaint, plaintiff's claims effectively became moot."); *Keim*, 2013 U.S. Dist. LEXIS 98373 at *32 (plaintiff's claim was moot "as soon as the offer [for full relief] was made").

After the Supreme Court's *Genesis* decision, courts in the Second Circuit have held that there are only two scenarios pursuant to which Rule 68 offers do not moot an FLSA collective action: (i) "if additional plaintiffs have opted in, but have not been given offers of judgment"; or (ii) if "the plaintiff potentially could recover more than the relief offered by defendant such as where the offer is not comprehensive, or where the amount due to plaintiff is disputed." *Lopez-Martinez v. Gokul Inc. of N.Y.*, No. 1:13-CV-467, 2013 U.S. Dist. LEXIS 165311, *9-10 (N.D.N.Y Nov. 21, 2013). As set forth below, neither of these limited circumstances are present in this case.

---

[7] As set forth below, Defendants' Rule 68 Offers of Judgment also exceeded the maximum recovery available for Hepler and Marceau's NYLL overtime claims. Buckland was never employed in New York, and therefore cannot assert a claim under NYLL. (Garcia Decl. at ¶ 2.)

### 1.   *All Plaintiffs Who Had Opted-In Were Given Offers of Judgment on February 18, 2014.*

As set forth above, Defendants made Rule 68 Offers of Judgment to Hepler, Buckland, and Marceau on February 18, 2014. As of February 18, 2014, Hepler, Buckland, and Marceau were the only plaintiffs involved in the lawsuit and no other opt-ins had joined the case. Accordingly, at that time, there were no additional plaintiffs who had opted-in, but had not received offers of judgment. See *Lopez-Martinez*, 2013 U.S. Dist. LEXIS 165311 at *9-10.

### 2.   *Defendants' Rule 68 Offers Exceeded the Maximum Relief Available to Hepler, Buckland, and Marceau under the FLSA.*

Under the FLSA, "an employer who fails to satisfy the overtime pay requirement is liable for the unpaid overtime plus liquidated damages in the amount of the unpaid wages, together with reasonable attorney's fees and costs." *Briggs*, 2006 U.S. Dist. LEXIS 82891 at *4-5 (citing 29 U.S.C. § 216(b).)

As set forth above, Defendants' Rule 68 Offers of Judgment to Hepler, Buckland, and Marceau included: (i) all alleged unpaid overtime; (ii) an equal amount for liquidated damages; (iii) prejudgment interest at nine percent per annum rounded up to the nearest $100; (iv) an additional $200; and (v) reasonable attorneys' fees and court costs as determined by the Court. Accordingly, the uncontroverted facts and plain language of the FLSA establish that Defendants' Rule 68 Offers of Judgment to Hepler, Buckland, and Marceau exceeded the maximum relief available under the FLSA.

### 3.   *Plaintiff's Recent Machinations Cannot Prevent Dismissal.*

Case law establishes that Hepler, Buckland, and Marceau's FLSA claims became moot on the date the offers were made, February 18, 2014, and Hepler's subsequent machinations do nothing to change this fact. Specifically, neither (i) Hepler nor Marceau's rejection of the offers;

nor (ii) the subsequent joining of new opt-ins; nor (iii) Hepler's recent efforts to move for conditional certification revives Hepler's claim or precludes dismissal on mootness grounds.

First, as this Court previously held, a plaintiff's rejection of an offer of full relief does not preserve the plaintiff's personal stake in the case. *See Ambalu*, 194 F.R.D. at 452 (citing *Rand*, 926 F.2d at 598); *see also Ritz v. Mike Rory Corp.*, No. 12-CV-0367, 2013 U.S. Dist. LEXIS 110786, *7 (E.D.N.Y. Aug. 6, 2013) (citing *Velasquez v. Digital Page, Inc.*, 842 F. Supp. 2d 486, 488 (E.D.N.Y. 2012)) (although "the Second Circuit has yet to rule on this issue, district courts in this circuit have held that a Rule 68 offer of full damages to the named plaintiff for her FLSA claim, even if rejected, may render the case moot and subject to dismissal."); *Pla v. Renaissance Equity Holdings LLC*, 2013 U.S. Dist. LEXIS 88424 at *11-12 (S.D.N.Y. June 24, 2013) (unaccepted offer of full relief can moot plaintiff's claims); *Ward v. Bank of New York*, 455 F. Supp. 2d 262, 270 (S.D.N.Y. 2006); *Briggs*, 2006 U.S. Dist. LEXIS 82891 at *3 (same); *Darboe v. Goodwill Indus. of Greater NY & N. NJ*, 485 F. Supp. 2d 221, 223 (E.D.N.Y. 2007) (same). This finding is logical, given that the offer itself, not the acceptance or rejection, renders the case moot. *See Martin v. PPP, Inc.*, 719 F. Supp. 2d 967, 975 (N.D. Ill. 2010) ("plaintiff's actual acceptance of the offer is unimportant, since the case is moot once the offer has been made."). Because the case was moot as of February 18, 2014, Hepler and Marceau's subsequent rejection of Defendants' Rule 68 offers of full relief does not save their FLSA claims from mootness or dismissal.

Second, the subsequent joining of new opt-ins neither revives Hepler's FLSA claim nor precludes dismissal on mootness grounds.[8] As established above, Hepler's FLSA claim was moot as of February 18, 2014, the date upon which Hepler, Buckland, and Marceau received

---

[8] Regardless, Defendants made Rule 68 Offers of Judgment of full relief to 20 of the 24 new opt-ins. All 20 offers were accepted. (Garcia Decl. at ¶ 21.)

offers of full relief. No other opt-in joined the case until March 10, 2014 – 20 days after the case had become moot and six days after Rule 68's fourteen-day window had already expired. As case law makes clear, opt-ins who later joined the moot case neither revive Hepler's claim nor preclude dismissal of this action on mootness grounds. *See Silva*, 2013 U.S. Dist. LEXIS 171465 at *9-10 (Notice of Consent filed after case became moot is irrelevant and cannot be considered when deciding motion to dismiss plaintiffs' claims as moot); *Keim*, 2013 U.S. Dist. LEXIS 98373 at *32 (dismissing Rule 23 class action as moot, stating, "Because the Court concludes that Defendants' offer of judgment provided Plaintiff full relief in this case, Plaintiff's federal case was over as soon as the offer was made.")

Third, as the Supreme Court held in *Genesis*, a motion for conditional certification does not preserve a plaintiff's FLSA claim from mootness because conditional certification does not create a personal stake in the litigation. *See Genesis*, 133 S. Ct. at 1530 ("even if respondent were to secure a conditional certification ruling on remand, nothing in that ruling would preserve her suit from mootness."); *id.* at 1532 (plaintiff "has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness."). Therefore, under the Supreme Court's holding in *Genesis*, Hepler's recent efforts to move for conditional certification are irrelevant and in no way insulate her FLSA claim from mootness in light of Defendants' offers of full relief to Hepler and both opt-ins on February 18, 2014.

### 4. *Any Argument that the Offers Were Somehow Insufficient Is Without Merit.*

Based on comments made by Plaintiff's counsel at the May 13, 2014 hearing, it is anticipated that Plaintiff may try to argue that the offers were somehow insufficient because they did not provide equitable relief. Plaintiff is wrong because (i) neither injunctive nor declaratory

relief is available under the FLSA for an unpaid overtime claim brought by an aggrieved employee, and (ii) as former employees, Hepler, Buckland, and Marceau lack standing to seek injunctive or declaratory relief.

The plain language of the FLSA makes clear that an aggrieved employee may not bring a claim for injunctive relief under the FLSA because such a right rests exclusively with the United States Secretary of Labor. 29 U.S.C. § 211(a); *see also Ruggles v. Wellpoint, Inc.*, 253 F.R.D. 61, 68 (N.D.N.Y 2008) ("An injunction is not an available remedy in an action brought by employees under the FLSA for failure to pay . . . overtime compensation."); *Gordon v. Rite Aid Corp.*, No. 09 Civ. 7665, 2012 U.S. Dist. LEXIS 54071, *51-53 (S.D.N.Y. Mar. 9, 2012) ("[T]he right to bring an action for injunctive relief under the [FLSA] rests exclusively with the United States Secretary of Labor.").

Likewise, the FLSA does not provide for declaratory relief for violations of the wage and hour provisions. As the Eleventh Circuit noted,

> One significant difference between the remedies available for violations of the wage and overtime provisions and the anti-retaliation provision is the availability of equitable relief. For violations of the wage and overtime provisions, the FLSA does not list equitable relief as an available remedy in an employee suit. For violations of the anti-retaliation provision, however, the FLSA specifically provides for equitable relief in an employee suit.

*Bailey v. Gulf Coast Transp., Inc.*, 280 F.3d 1333, 1335-36 (11th Cir. Fla. 2002); *see also Huff v. Ramsay Youth Servs. of Ga.*, No. 5:11-CV-455, 2013 U.S. Dist. LEXIS 97960, *31-32 (M.D. Ga. July 15, 2013) (equitable relief not available under FLSA in employee suit for unpaid overtime); *Smith v. Wynfield Dev. Co.*, 451 F. Supp. 2d 1327, 1338 (N.D. Ga. 2006) (same).

Even assuming *arguendo* that injunctive or declaratory relief were available (which they are not), as former employees, Hepler, Buckland, and Marceau lack standing to seek such equitable relief. *See Briggs*, 2006 U.S. Dist. LEXIS 82891 at *9-10 ("Briggs was no longer an

16

employee of Defendant when this action was commenced and fails to allege that he was either discharged or discriminated against for filing this action. He is therefore not entitled to equitable relief, which includes declaratory relief."); *see also Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 465-466 (S.D.N.Y. 2013) ("a plaintiff generally lacks standing to seek injunctive or declaratory relief against his or her former employer, as there is no prospect that he or she will be injured in the future"); *Gordon*, 2012 U.S. Dist. LEXIS 54071 at *53 ("Gordon is no longer employed by Rite Aid. Accordingly, she has no standing to seek prospective injunctive relief."); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 205 (S.D.N.Y. 2006) (noting in FLSA action to recover unpaid overtime wages that "injunctive relief would not be available to Plaintiff, nor to other class members who no longer work for Defendants"); *Smith v. Wayne Farms, LLC*, No. CV-11-S-3590-NE, 2012 U.S. Dist. LEXIS 63841, *10-11 (N.D. Ala. May 7, 2012 (holding plaintiff lacks standing to maintain claim for injunctive or declaratory relief against his former employer); *Drake v. Morgan Stanley & Co.*, No. CV 09-6467, 2010 U.S. Dist. LEXIS 47627, *19-20 (C.D. Cal. Apr. 30, 2010) ("In the case of an employment action, a former employee lacks standing to sue for declaratory or injunctive relief because he may realize no benefit upon the successful prosecution of his claim.").

In sum, Defendants' Rule 68 Offers of Judgment to Hepler, Buckland, and Marceau exceeded the maximum monetary relief available under the FLSA. The FLSA does not provide for injunctive or declaratory relief for an unpaid overtime claim brought by an aggrieved employee, and even if such equitable relief were available, as former employees, Hepler, Buckland, and Marceau lack the standing required to seek it. Therefore, as a matter of law, Defendants' Rule 68 Offers of Judgment to Hepler, Buckland, and Marceau constituted full relief under the FLSA.

### 5.    *Dismissal of Hepler's Moot FLSA Claim is Proper and Supported by Interests of Judicial Economy and Fairness.*

The very purpose of Rule 68 is to encourage settlement and avoid unnecessary costly and potentially time-consuming litigation. *See Marek v. Chesny*, 473 U.S. 1, 5 (1985). As set forth above, Hepler, Buckland, and Marceau have already been offered an amount which exceeds the maximum they could possibly hope to recover through litigation. Therefore, in accordance with Second Circuit precedent, "there is no justification for taking the time of the court and defendant in the pursuit of a minuscule claim which defendant has . . . satisfied." *Abrams*, 719 F.2d at 32. Accordingly, the interests of judicial economy and fairness weigh in favor of dismissal of Hepler's moot FLSA claim.

Hepler virulently argues that Defendants are attempting to "pick off" plaintiffs; however, this exact argument has already been rejected by the Supreme Court. *See Genesis*, 133 S. Ct. at 1532. In fact, Judge Wexler recently addressed this very issue in *Velasquez*, calling into question the viability of the "picking off" argument in light of the Supreme Court's *Genesis* decision. *Velasquez v. Digital Page, Inc.*, 952 F. Supp. 2d 464, 468 (E.D.N.Y. 2013) (citing *Chen v. Allstate Ins. Co.*, Case No. 13-0685, 2013 U.S. Dist. LEXIS 81409, *6-7 (N.D. Cal. June 10, 2013)).

Neither Hepler nor any current or potential opt-in would be prejudiced by the dismissal of Hepler's moot FLSA claim. Dismissal would be without prejudice with respect to any current opt-in who has not accepted an Offer of Judgment, and any current or potential opt-in could file his or her own claim.

Plaintiff's counsel may not like it, but the Supreme Court has expressly approved the dismissal of similarly moot FLSA claims resulting from Rule 68 offers of full relief. As the United States District Court for the Northern District of Illinois recently stated:

18

> While Plaintiff's attorneys' may have intended to include Plaintiff's claim into a larger class action, they, first and foremost, have a fiduciary duty to act in the best interests of Plaintiff – not a potential class of plaintiffs.   That remains true even when Plaintiff's best interests are satisfied by a complete offer of settlement, removing controversy from the case and possibly preventing an action from moving forward as a class action.

*Cisneros v. Taco Burrito King 4, Inc.*, No. 13 CV 6968, 2014 U.S. Dist. LEXIS 33234, *11 (N.D. Ill.

Mar. 14, 2014).

**D.     Hepler's NYLL Overtime Claim Should Be Dismissed Because Defendants' Offers of Full Relief Deprived Hepler and Marceau of a Personal Stake, Thereby Rendering Their Claims Moot and Depriving the Court of Subject Matter Jurisdiction.**

Hepler's NYLL overtime claim (Count II) should likewise be dismissed as moot in light of Defendants' Rule 68 offers of full relief.   "The NYLL mirrors the FLSA's overtime provisions." *Shiu v. New Peking Taste, Inc.*, 2013 U.S. Dist. LEXIS 185347 (E.D.N.Y. Oct. 24, 2013) (citing N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2).   Under the NYLL, an employee who prevails on a claim for unpaid overtime may recover:  (i) the amount of unpaid overtime; (ii) liquidated damages in the amount of the unpaid overtime; (iii) reasonable attorney's fees and costs; and (iv) prejudgment   interest.   The NYLL "provides that a plaintiff may recover prejudgment interest on his or her unpaid wages at a rate of 9 percent per annum." *Banasiewicz v. Olympia Mech. Piping & Heating Corp.*, 2012 U.S. Dist. LEXIS 138520 (E.D.N.Y. Aug. 31, 2012) (citing N.Y. C.P.L.R. §§ 5001(b).

As set forth above, Defendants' Rule 68 Offers of Judgment to Hepler and Marceau included:   (i) all alleged unpaid overtime; (ii) an equal amount for liquidated damages; (iii) prejudgment interest at 9 percent per annum rounded up to the nearest $100; (iv) an additional $200; and (iv) reasonable attorneys' fees and court costs as determined by the Court.[9]

---

[9] Buckland, who accepted Defendants' Offer of Judgment, only asserted a claim under the FLSA.

Accordingly, the uncontroverted facts and plain language of the NYLL establish that Defendants' Rule 68 Offers of Judgment to Hepler and Marceau exceeded the maximum relief available for their NYLL overtime claims.

The specific question of whether a pre-certification offer of judgment under Rule 68 moots a putative class action is currently pending before the Second Circuit on appeal. *See Tanasi v. New Alliance Bank*, No. 12-CV-646S, 2013 U.S. Dist. LEXIS 177035, *3-4 (W.D.N.Y. Dec. 17, 2013). However, "in the Second Circuit, '[i]n general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot.'" *Morgan v. Account Collection Tech., LLC*, No. 05-CV-2131, 2006 U.S. Dist. LEXIS 64528, *12-13 (S.D.N.Y. Aug. 29, 2006) (citing *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994)); *Franco v. Allied Interstate LLC*, No. 13 Civ. 4053, 2014 U.S. Dist. LEXIS 47077, *9 (S.D.N.Y. Apr. 2, 2014) (same); *Ambalu*, 194 F.R.D. at 453 ("[i]f a named representative's claim becomes moot before class certification, the entire case is to be dismissed for lack of subject matter jurisdiction."). Accordingly, because Defendants' Rule 68 Offer of Judgment rendered Hepler's NYLL overtime claim moot, and because a class has not been certified in this case, Hepler's NYLL overtime claim should also be dismissed.[10]

### E. The Court Should Decline to Exercise Supplemental Jurisdiction Over Hepler's NYLL Record Keeping Claim and Dismiss the Case in Its Entirety.

"Where, as here, the dismissal of a federal claim leaves only state law claims for adjudication, the court has the discretion to exercise supplemental jurisdiction over any remaining state claims." *Darboe*, 485 F. Supp. 2d at 224 (citing 28 U.S.C. § 1367(c)(3)). As this Court stated, "in such cases, the court should ordinarily decline the exercise of such

---

[10] Alternatively, for the reasons set forth below, the Court should decline to exercise supplemental jurisdiction over Hepler's NYLL overtime claim.

jurisdiction." Id. (citing *Brotherhood of Locomotive Eng'rs Div. 269 v. Long Island R.R.*, 85 F.3d 35, 39 (2d Cir. 1996) (dismissing FLSA claim as moot and declining to exercise supplemental jurisdiction over NYLL claims); see also *Briggs*, 2006 U.S. Dist. Lexis 82891 at *12 (E.D.N.Y. Nov. 14, 2006) (same); *Ward*, 455 F. Supp. 2d At 270 (Same).

Here, the Court should decline to exercise supplemental jurisdiction over any remaining state law claims, which are based on the same facts as the now moot FLSA claim, and dismiss the case in its entirety. No depositions have been taken, and only documents concerning Hepler and Marceau have been exchanged. (Garcia Decl. at ¶ 24.) Significantly, there has been no discovery relating to any putative class members, nor has there been class notice or certification. (*Id.* at ¶ 25.) Accordingly, this Court should decline to exercise supplemental jurisdiction over Hepler's claims under the NYLL.

## V.   **CONCLUSION**

Defendants' Rule 68 Offers of Judgment to Hepler, Buckland, and Marceau exceeded the amount they could possibly recover at trial for their FLSA claim, thus depriving them of a personal stake in this action. Accordingly, their FLSA claims were rendered moot. Therefore, in accordance with the Supreme Court's *Genesis* decision, the Court should dismiss Hepler's FLSA claim (Count I) pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction. Furthermore, the Court should dismiss Hepler's moot NYLL overtime claim (Count II) and decline to exercise supplemental jurisdiction over Hepler's NYLL record keeping claim (Count III). Accordingly, Hepler's Complaint should be dismissed in its entirety.

Dated:  June 18, 2014

Respectfully submitted,

VORYS, SATER, SEYMOUR AND PEASE LLP

By: _____/s/Daren S. Garcia_____

Daren S. Garcia (admitted pro hac vice)
Mark A. Knueve (admitted pro hac vice)
Natalie M. McLaughlin (admitted pro hac vice)
Michael J. Ball (admitted pro hac vice)
52 East Gay Street
Columbus, OH  43215
Telephone:  (614) 464-6400
Facsimile:  (614) 464-6350
Email:  maknueve@vorys.com;
dsgarcia@vorys.com;
nmmclaughlin@vorys.com;
mjball@vorys.com

BOND SCHOENECK & KING

John Ho (JH-7831)
330 Madison Avenue, 39th Floor
New York, NY 10017
Telephone:  (646) 253-2320
Facsimile:  (646) 253-2301
Email:  hoj@bsk.com

*Counsel for Defendants Abercrombie & Fitch Stores,
Inc. and Abercrombie & Fitch Co.*

## CERTIFICATE OF SERVICE

I, Michael J. Ball, hereby certify that on August 25, 2014, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Seth R. Lesser
Fran L. Rudich
Klafter Olsen & Lesser LLP
Two International Drive, Suite 350
Rye Brook, NY  10573
Email: slesser@klafterolsen.com
        Fran.Rudich@klafterolsen.com

Andrew M. Hetherington
Silvija A. Strikis
Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC
1615 M Street NW, Suite 400
Washington, DC  20036-3209
Email: ahetherington@khhte.com
        sstrikis@khhte.com

Bradley I. Berger
Berger Attorney P.C.
321 Broadway
New York, NY  10007
Email: bradberger29@gmail.com

/s/ Michael J. Ball
Michael J. Ball
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
PO Box 1008
Columbus, OH 43216-1008
614.464.5625 (direct)
614.719.5297 (fax)
Email:  mjball@vorys.com