**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**SOUTHERN DIVISION**

-----------------------------------------------------------------X

VERONIQUE HEPLER,

        Plaintiff,

v.

ABERCROMBIE & FITCH CO., ET AL.,

        Defendants.

-----------------------------------------------------------------X

Case No. 13CV2815

**DECLARATION OF DAREN**
**S. GARCIA IN SUPPORT OF**
**MOTION TO DISMISS**

## DECLARATION OF DAREN S. GARCIA

        I, Daren S. Garcia, having been duly cautioned and sworn, hereby aver that I have personal knowledge of the following facts and could and would testify to them if called as a witness in a court of law:

        1.      I am a partner with the law firm of Vorys, Sater, Seymour and Pease LLP, counsel of record for Defendants Abercrombie & Fitch Stores, Inc. ("Abercrombie") and Abercrombie & Fitch Co. (collectively "Defendants") in this action. I make this Declaration based upon my own personal knowledge and the information available to me and, if called as a witness, could and would competently testify to the following matters.

        2.      Buckland was never employed in New York, and therefore cannot assert a claim under the NYLL.

        3.      On February 18, 2014, Defendants made Rule 68 Offers of Judgment to Hepler, Buckland, and Marceau that: (i) exceeded the maximum recovery available for their overtime claims under the FLSA; (ii) exceeded the maximum recovery available for Hepler and Marceau's overtime claims under the NYLL; and (iii) included reasonable attorneys' fees and court costs as determined by the Court.

1

4.     Buckland accepted her offer and Hepler and Marceau rejected their offers by allowing them to expire.

5.     To calculate the Rule 68 Offers of Judgment, Defendants first determined the total amount of Supplemental Pay paid to each individual during the applicable statute of limitations period.

6.     Second, Defendants multiplied the total Supplemental Pay paid to each individual by two to determine the alleged underpayment amount – in other words, the difference between the amount of Supplemental Pay received by each individual and the amount Hepler alleges each individual should have received in overtime pay using the time-and-a-half method.

7.     Third, Defendants multiplied the alleged underpayment by two to account for alleged liquidated damages.

8.     Fourth, Defendants calculated prejudgment interest at a rate of nine percent per annum, as set forth in New York Civil Practice Law & Rules § 5004.  Interest was calculated beginning on the first day of the month in which each individual was paid Supplemental Pay through the date of the Offer of Judgment.

9.     Fifth, Defendants rounded the interest up to the nearest $100.00, which necessarily resulted in an overpayment of interest.

10.    Sixth, to ensure that each individual was fully compensated for all alleged damages, Defendants added an additional $200.00 to the above calculation.

In summary, Defendants performed the following computations to calculate the Rule 68 Offers of Judgment to Hepler, Buckland, and Marceau:

- Multiply the total Supplemental Pay paid to each individual by four to account for alleged underpayment and alleged liquidated damages;

2

- Add prejudgment interest (nine percent per annum dating back to the first day of the month of Supplemental Pay and rounded up to the nearest $100.00);

- Add $200.00.

11.     Pursuant to this method of calculation, on February 18, 2014, Defendants made Rule 68 Offers of Judgment to Hepler (in the amount of $2,647.72), Buckland (in the amount of $4,075.96), and Marceau (in the amount of $1,932.32).

12.     The Rule 68 Offers of Judgment also provided for reasonable attorneys' fees and costs as determined by the Court.

13.     On February 18, 2014, defense counsel provided Plaintiff's counsel with a detailed explanation of the method of calculation for the Rule 68 Offers of Judgment, as well as underlying data regarding Hepler's, Buckland's, and Marceau's overtime hours worked and Supplemental Pay received during the applicable limitations periods.

14.     On February 24, 2014, after being informed that Defendants intended to file a motion to dismiss if the Offers of Judgment were not accepted, Hepler's former attorney, Michael Palitz, asserted that the offers did not provide full relief.

15.     Defendants stated that it was their intention to provide full relief and made multiple requests to Mr. Palitz to explain the basis of his contention that the offers did not provide full relief.

16.     Plaintiff's counsel refused to identify any deficiencies. A true and accurate copy of relevant email correspondence between counsel is attached hereto as Exhibit A.

17.     On March 13, 2014, defense counsel once again asked Mr. Palitz to explain the basis for his contention that Defendants' Rule 68 Offers of Judgment did not provide full relief.

18.     Defense counsel reiterated that it was Defendants' intention to provide full relief to Hepler and Marceau, and that counsel believed the offers provided full relief.

3

19.     In response, Mr. Palitz stated that he "was not going to do [defense counsel's] work for [them]" and that he "had no obligation to tell [defense counsel] why" the offers were allegedly deficient.

20.     Subsequent to Defendants' Rule 68 Offers of Judgment to Hepler, Buckland, and Marceau, Plaintiff's counsel repeatedly solicited additional opt-ins, which has resulted in twenty-four other individuals purporting to join the moot lawsuit.  A true and accurate representative copy of Plaintiff's counsel's press releases are attached hereto as Exhibit B.

21.     Defendants have made Rule 68 Offers of Judgment for full relief to twenty of the twenty-four new opt-ins.

22.     All twenty of the Offers of Judgment have been accepted by the new opt-ins

23.     In detail:  (i) Elsie Turkovich purported to join the case on March 10, 2014, was offered full relief in the amount of $2,455.56 on March 12, 2014, and accepted Defendants' Rule 68 Offer on March 26, 2014; (ii) Dennis Tchir purported to join the case on March 14, 2014, was offered full relief in the amount of $7,394.19 on March 20, 2014, and accepted Defendants' Rule 68 Offer on April 3, 2014; (iii) Keith Arnold purported to join the case on March 21, 2014, was offered full relief in the amount of $948.71 on March 26, 2014, and accepted Defendants' Rule 68 Offer on April 9, 2014; (iv) Jenny Sam purported to join the case on March 26, 2014, was offered full relief in the amount of $18,312.70 on April 9, 2014, and accepted Defendants' Rule 68 Offer on April 23, 2014; (v) Craig Pickett purported to join the case on March 30, 2014, was offered full relief in the amount of $14,734.24 on April 9, 2014, and accepted Defendants' Rule 68 Offer on April 23, 2014; (vi) Ryan Witham purported to join the case on April 8, 2014, was offered full relief in the amount of $2,517.92 on April 23, 2014, and accepted Defendants' Rule 68 Offer on April 23, 2014; (vii) Matthew Allen purported to join the case on April 9, 2014, was

4

offered full relief in the amount of $3,095.24 on April 9, 2014, and accepted Defendants' Rule 68 Offer on April 23, 2014; (viii) Marie-France Philippone purported to join the case on April 10, 2014, was offered full relief in the amount of $2,993.36 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (ix) Dalong Sivongxay purported to join the case on April 11, 2014, was offered full relief in the amount of $5,605.28 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (x) Kristin Dempsey purported to join the case on April 15, 2014, was offered full relief in the amount of $7,908.20 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xi) Mandy Kagol purported to join the case on April 15, 2014, was offered full relief in the amount of $18,035.08 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xii) Ryan Palermo purported to join the case on April 15, 2014, was offered full relief in the amount of $886.28 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xiii) Tiffany Schwab purported to join the case on April 15, 2014, was offered full relief in the amount of $9,007.96 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xiv) Lauren Talmadge purported to join the case on April 15, 2014, was offered full relief in the amount of $9,563.20 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xv) Mark Goudy purported to join the case on April 28, 2014, was offered full relief in the amount of $3,964.76 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xvi) Jenny Sam purported to re-join the case on April 28, 2014, was offered full relief in the amount of $913.04 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xvii) Adriana Franceschi purported to join the case on May 9, 2014, was offered full relief in the amount of $18,204.68 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xviii) Brooke Williams purported to join the case on May 9, 2014, was offered full relief in the amount of

5

$5,267.20 on May 12, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xix) Jason Tanner purported to join the case on May 12, 2014, was offered full relief in the amount of $10,214.16 on May 13, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xx) Erika White purported to join the case on May 12, 2014, was offered full relief in the amount of $3,546.84 on May 13, 2014, and accepted Defendants' Rule 68 Offer on May 26, 2014; (xxi) Hilary Gibbs purported to join the case on May 13, 2014 and has not received an Offer of Judgment; (xxii) Shurika Roberts-Crawford purported to join the case on May 26, 2014 and has not received an Offer of Judgment; (xxiii) Reed Hofmann purported to join the case on June 11, 2014 and has not received an Offer of Judgment; (xxiv) Cynthia Chan purported to join the case on June 11, 2014 and has not received an Offer of Judgment.

24.    No depositions have been taken, and only documents concerning Hepler and Marceau have been exchanged.

25.    There has been no discovery into any putative class members, nor has there been class notice or certification.

6

I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct.

Executed June 8, 2014 at Columbus, Ohio.

_____
DAREN S. GARCIA

Sworn and executed before me this 8th day of June, 2014 at Columbus, Ohio.

_____
Notary Public

MICHAEL J. BALL, Attorney At L..
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration dat
Sec. 147.03 R.

7

# EXHIBIT A

**McLaughlin, Natalie M.**

| | |
|---|---|
| From: | Knueve, Mark A. |
| Sent: | Wednesday, February 26, 2014 2:08 PM |
| To: | Michael Palitz; Garcia, Daren S. |
| Cc: | Rachel Aghassi; Seth Lesser; Fran Rudich; Silvija Strikis; Hetherington, Andrew M. (ahetherington@khhte.com); McLaughlin, Natalie M.; Ho, John |
| Subject: | RE: Hepler / Abercrombie - Rule 68 Offers of Judgment |

Michael:

We are available tomorrow afternoon.

Additionally, as is evident from the Company's Rule 68 offers, it is the Company's intent to offer full remedy to Mses. Hepler, Marceau and Buckland. We believe, for the reasons provided to you in writing, that the Rule 68 offers clearly offer more-than-full remedy. However, you have indicated that plaintiff's counsel believe that the offers do not provide full remedy. We have requested several times that you put the basis for that belief in writing. You have thus far refused to do so, and you also canceled the conference call that we had scheduled today to discuss your basis for your belief. We again request that you set forth in writing the basis for your belief that the Rule 68 offers do not provide full remedy.

Thanks,

Mark

-----Original Message-----
From: Michael Palitz [mailto:MPalitz@klafterolsen.com]
Sent: Wednesday, February 26, 2014 12:54 PM
To: Knueve, Mark A.; Garcia, Daren S.
Cc: Rachel Aghassi; Seth Lesser; Fran Rudich; Silvija Strikis; Hetherington, Andrew M. (ahetherington@khhte.com); McLaughlin, Natalie M.
Subject: RE: Hepler / Abercrombie - Rule 68 Offers of Judgment

Mark,

An emergency issue came up and we need to postpone the call today. We will be in touch tomorrow.

Michael Palitz
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350 Rye Brook, NY 10573
Tel: 914-934-9200 (ext. 312); Fax: 914-934-9220 www.klafterolsen.com

The information in this transmittal may be legally privileged, confidential, and/or otherwise protected by law from disclosure, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Klafter Olsen & Lesser LLP immediately at (914) 934-9200 or by return e-mail and take the steps necessary to delete it completely from your computer system. Thank you.

-----Original Message-----
From: Knueve, Mark A. [mailto:MAKnueve@vorys.com]
Sent: Tuesday, February 25, 2014 4:56 PM
To: Michael Palitz; Garcia, Daren S.

1

Cc: Rachel Aghassi; Seth Lesser; Fran Rudich; Silvija Strikis; Hetherington, Andrew M.
(ahetherington@khhte.com); McLaughlin, Natalie M.
Subject: RE: Hepler / Abercrombie - Rule 68 Offers of Judgment

1:00 is fine.  Also, I want to make sure that I understand your position.  Are you refusing
to put in writing the basis for your contention that the offers do not provide full remedy?

Thanks,

Mark.

-----Original Message-----
From: Michael Palitz [mailto:MPalitz@klafterolsen.com]
Sent: Tuesday, February 25, 2014 4:54 PM
To: Knueve, Mark A.; Garcia, Daren S.
Cc: Rachel Aghassi; Seth Lesser; Fran Rudich; Silvija Strikis; Hetherington, Andrew M.
(ahetherington@khhte.com); McLaughlin, Natalie M.
Subject: RE: Hepler / Abercrombie - Rule 68 Offers of Judgment

Mark,

We are available at 1 and 3 p.m. for the call.  Please let me know if those times work.  We
can use this number:

1 (605) 475-6720
Passcode:  385888

Thanks,

Michael Palitz
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350 Rye Brook, NY 10573
Tel:  914-934-9200 (ext. 312); Fax:  914-934-9220 www.klafterolsen.com

The information in this transmittal may be legally privileged, confidential, and/or otherwise
protected by law from disclosure, and is intended only for the recipient(s) listed above. If
you are neither the intended recipient(s) nor a person responsible for the delivery of this
transmittal to the intended recipient(s), you are hereby notified that any distribution or
copying of this transmittal is prohibited. If you have received this transmittal in error,
please notify Klafter Olsen & Lesser LLP immediately at (914) 934-9200 or by return e-mail
and take the steps necessary to delete it completely from your computer system. Thank you.


-----Original Message-----
From: Knueve, Mark A. [mailto:MAKnueve@vorys.com]
Sent: Tuesday, February 25, 2014 4:38 PM
To: Michael Palitz; Garcia, Daren S.
Cc: Rachel Aghassi; Seth Lesser; Fran Rudich; Silvija Strikis; Hetherington, Andrew M.
(ahetherington@khhte.com); McLaughlin, Natalie M.
Subject: RE: Hepler / Abercrombie - Rule 68 Offers of Judgment

Michael:

Let's talk tomorrow at 9:30.  We will call you.

-----Original Message-----
From: Michael Palitz [mailto:MPalitz@klafterolsen.com]

Sent: Tuesday, February 25, 2014 4:26 PM
To: Knueve, Mark A.; Garcia, Daren S.
Cc: Rachel Aghassi; Seth Lesser; Fran Rudich; Silvija Strikis; Hetherington, Andrew M.
(ahetherington@khhte.com); McLaughlin, Natalie M.
Subject: RE: Hepler / Abercrombie - Rule 68 Offers of Judgment

Mark,

We should just speak so we can -- most efficiently -- get it done quickly, rather than having
back and forths of anything unclear. We are still available on Wednesday and Thursday to
speak. Please let me know if you are available.

Thanks,

Mike

Michael Palitz
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350 Rye Brook, NY 10573
Tel: 914-934-9200 (ext. 312); Fax: 914-934-9220 www.klafterolsen.com

The information in this transmittal may be legally privileged, confidential, and/or otherwise
protected by law from disclosure, and is intended only for the recipient(s) listed above. If
you are neither the intended recipient(s) nor a person responsible for the delivery of this
transmittal to the intended recipient(s), you are hereby notified that any distribution or
copying of this transmittal is prohibited. If you have received this transmittal in error,
please notify Klafter Olsen & Lesser LLP immediately at (914) 934-9200 or by return e-mail
and take the steps necessary to delete it completely from your computer system. Thank you.

-----Original Message-----
From: Knueve, Mark A. [mailto:MAKnueve@vorys.com]
Sent: Monday, February 24, 2014 7:00 PM
To: Michael Palitz; Garcia, Daren S.
Cc: Rachel Aghassi; Seth Lesser; Fran Rudich; Silvija Strikis; Hetherington, Andrew M.
(ahetherington@khhte.com); McLaughlin, Natalie M.
Subject: RE: Hepler / Abercrombie - Rule 68 Offers of Judgment

Michael:

Are you able to put those reasons in writing? It would seem more efficient.

Thanks,

Mark


Sent with Good (www.good.com)

_____

From: Michael Palitz
Sent: Monday, February 24, 2014 6:15:27 PM
To: Knueve, Mark A.; Garcia, Daren S.
Cc: Rachel Aghassi; Seth Lesser; Fran Rudich; Silvija Strikis; Hetherington, Andrew M.
(ahetherington@khhte.com); McLaughlin, Natalie M.
Subject: RE: Hepler / Abercrombie - Rule 68 Offers of Judgment

Mark,

There are several reasons, and that is why I requested a call. When are you available?

Thanks,

Michael Palitz
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: 914-934-9200 (ext. 312); Fax: 914-934-9220
www.klafterolsen.com<http://www.klafterolsen.com>

The information in this transmittal may be legally privileged, confidential, and/or otherwise
protected by law from disclosure, and is intended only for the recipient(s) listed above. If
you are neither the intended recipient(s) nor a person responsible for the delivery of this
transmittal to the intended recipient(s), you are hereby notified that any distribution or
copying of this transmittal is prohibited. If you have received this transmittal in error,
please notify Klafter Olsen & Lesser LLP immediately at (914) 934-9200 or by return e-mail
and take the steps necessary to delete it completely from your computer system. Thank you.

-----Original Message-----
From: Knueve, Mark A. [mailto:MAKnueve@vorys.com]
Sent: Monday, February 24, 2014 5:38 PM
To: Michael Palitz; Garcia, Daren S.
Cc: Rachel Aghassi; Seth Lesser; Fran Rudich; Silvija Strikis; Hetherington, Andrew M.
(ahetherington@khhte.com); McLaughlin, Natalie M.
Subject: RE: Hepler / Abercrombie - Rule 68 Offers of Judgment

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE: In order to ensure compliance with requirements imposed by the
U.S. Internal Revenue Service, we inform you that any federal tax advice contained in this
communication (including any attachments) is not intended or written to be used, and it
cannot be used, by any taxpayer for the purpose of (1) avoiding penalties that may be
imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing, or recommending to another person, any transaction or other matter
addressed herein.

---

CONFIDENTIALITY NOTICE: This e-mail message may contain confidential and/or privileged
material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are
not the intended recipient, please contact the sender by reply e-mail and destroy all copies
of the original message. If you are the intended recipient but do not wish to receive
communications through this medium, please so advise the sender immediately.

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE: In order to ensure compliance with requirements imposed by the
U.S. Internal Revenue Service, we inform you that any federal tax advice contained in this
communication (including any attachments) is not intended or written to be used, and it
cannot be used, by any taxpayer for the purpose of (1) avoiding penalties that may be
imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing, or recommending to another person, any transaction or other matter
addressed herein.

CONFIDENTIALITY NOTICE: This e-mail message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE:  In order to ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of (i) avoiding penalties  that may be imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing, or recommending to another person, any transaction or other matter addressed herein.

CONFIDENTIALITY NOTICE: This e-mail message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE:  In order to ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of (i) avoiding penalties  that may be imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing, or recommending to another person, any transaction or other matter addressed herein.

CONFIDENTIALITY NOTICE: This e-mail message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

**McLaughlin, Natalie M.**

| | |
|---|---|
| From: | Knueve, Mark A. |
| Sent: | Monday, February 24, 2014 5:38 PM |
| To: | Michael Palitz; Garcia, Daren S. |
| Cc: | Rachel Aghassi; Seth Lesser; Fran Rudich; Silvija Strikis; Hetherington, Andrew M. (ahetherington@khhte.com); McLaughlin, Natalie M. |
| Subject: | RE: Hepler / Abercrombie - Rule 68 Offers of Judgment |
| Follow Up Flag: | Follow up |
| Flag Status: | Completed |

Michael:

Please set forth in writing the basis for your contention that the offers of judgment do not provide full remedy.

Thanks,

Mark

Sent with Good (www.good.com)

---

**From:** Michael Palitz
**Sent:** Monday, February 24, 2014 5:27:18 PM
**To:** Garcia, Daren S.
**Cc:** Rachel Aghassi; Seth Lesser; Fran Rudich; Silvija Strikis; Hetherington, Andrew M. (ahetherington@khhte.com); Knueve, Mark A.; McLaughlin, Natalie M.
**Subject:** RE: Hepler / Abercrombie - Rule 68 Offers of Judgment

Daren,

We disagree that discovery is now moot. Plaintiffs have not accepted the offers, nor have Plaintiffs conceded that the offers would provide full relief -- indeed, as we are prepared to discuss with you, they do not. Accordingly, please let us know when you are available to discuss Defendants' Rule 30(b)(6) deposition and their Initial Disclosures.

Thanks,

Michael Palitz
**KLAFTER OLSEN & LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: 914-934-9200 (ext. 312); Fax: 914-934-9220
www.klafterolsen.com

The information in this transmittal may be legally privileged, confidential, and/or otherwise protected by law from disclosure, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Klafter Olsen & Lesser LLP immediately at (914) 934-9200 or by return e-mail and take the steps necessary to delete it completely from your computer system. Thank you.

**From:** Garcia, Daren S. [mailto:dsgarcia@vorys.com]
**Sent:** Monday, February 24, 2014 9:55 AM

1

**To:** Michael Palitz
**Cc:** Rachel Aghassi; Seth Lesser; Fran Rudich; Silvija Strikis; Hetherington, Andrew M. (ahetherington@khhte.com); Knueve, Mark A.; McLaughlin, Natalie M.
**Subject:** RE: Hepler / Abercrombie - Rule 68 Offers of Judgment

Mike –

I was out of the country.

Our position, in light of our Rule 68 offers, is that discovery is now moot under Rule 26 as there are no viable controversies between our clients. If your clients accept the offers, the case will be over. If they do not accept, we will move to dismiss and stay.

Daren

 **VORYS**
*Legal Counsel*

Daren S. Garcia
*Partner*

Vorys, Sater, Seymour and Pease LLP
52 East Gay Street - Columbus, Ohio 43215

Direct: 614 464 5446
Fax: 614 719 5054
Email: dsgarcia@vorys.com
*www.vorys.com*

**From:** Michael Palitz [mailto:MPalitz@klafterolsen.com]
**Sent:** Thursday, February 20, 2014 6:19 PM
**To:** Garcia, Daren S.
**Cc:** Rachel Aghassi; Seth Lesser; Fran Rudich; Silvija Strikis; Hetherington, Andrew M. (ahetherington@khhte.com); Knueve, Mark A.; McLaughlin, Natalie M.
**Subject:** Re: Hepler / Abercrombie - Rule 68 Offers of Judgment

Daren,

I did not receive a response to my e-mail. Please provide times tomorrow or on Monday to confer.

Thanks,

Mike Palitz

On Feb 18, 2014, at 2:02 PM, "Michael Palitz" <MPalitz@klafterolsen.com> wrote:

> Daren,
>
> I am unavailable for a call today. Can you provide other days this week to discuss the deposition? Thursday or Friday would likely be best.
>
> Thanks,
>
> Michael Palitz
>
> On Feb 18, 2014, at 1:55 PM, "Garcia, Daren S." <dsgarcia@vorys.com> wrote:
>
> > Rachel,

We will provide you with the calculation method / supporting information for the offers.

Also, we never heard from you regarding a call this afternoon on our objections to your 30(b)(6) notice and assume that the call will not proceed, particularly in light of these offers.

Daren

&lt;image001.jpg&gt;

**Daren S. Garcia**
Partner

Vorys, Sater, Seymour and Pease LLP
52 East Gay Street | Columbus, Ohio 43215

Direct: 614 464 5446
Fax: 614 719.5054
Email: dsgarcia@vorys.com
*www.vorys.com*

**From:** Rachel Aghassi [mailto:rachel.aghassi@klafterolsen.com]
**Sent:** Tuesday, February 18, 2014 12:54 PM
**To:** Garcia, Daren S.; Seth Lesser; Michael Palitz; Fran Rudich; Silvija Strikis; Hetherington, Andrew M. (ahetherington@khhte.com)
**Cc:** Knueve, Mark A.; McLaughlin, Natalie M.
**Subject:** RE: Hepler / Abercrombie - Rule 68 Offers of Judgment

Daren,

In order for our clients to evaluate Defendant's Offers of Judgment, can you please provide to us how the amounts the offers set forth were calculated and please provide to us supporting documentation behind the amounts.
Obviously, we need this information as quickly as possible inasmuch as we have a tight time limitation to evaluate these offers under the Federal Rules of Civil Procedure.

Thanks in advance for providing us this information as soon as possible.

Rachel Aghassi
**KLAFTER OLSEN & LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: 914-934-9200 x313
Fax: 914-934-9220
www.klafterolsen.com

The information in this transmittal may be legally privileged, confidential, and/or otherwise protected by law from disclosure, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Klafter Olsen & Lesser LLP immediately at (914) 934-9200 or by return e-mail and take the steps necessary to delete it completely from your computer system. Thank you.

3

**From:** Garcia, Daren S. [mailto:dsgarcia@vorys.com]
**Sent:** Tuesday, February 18, 2014 12:03 PM
**To:** Seth Lesser; Michael Palitz; Fran Rudich; Silvija Strikis; Hetherington, Andrew M. (ahetherington@khhte.com); Rachel Aghassi
**Cc:** Knueve, Mark A.; McLaughlin, Natalie M.
**Subject:** Hepler / Abercrombie - Rule 68 Offers of Judgment

Counsel:

Please see the attached correspondence and Rule 68 Offers of Judgment.

Daren Garcia

<image001.jpg>      **Daren S. Garcia**
Partner

Vorys, Sater, Seymour and Pease LLP
52 East Gay Street : Columbus Ohio 43215

Direct 614.464.5436
Fax 614.719.5054
Email dsgarcia@vorys.com
*www.vorys.com*

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE:  In order to ensure compliance
with requirements imposed by the U.S. Internal Revenue Service, we
inform you that any federal tax advice contained in this communication
(including any attachments) is not intended or written to be used, and it
cannot be used, by any taxpayer for the purpose of (i) avoiding penalties
 that may be imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing, or recommending to another person, any
transaction or other matter addressed herein.

---

CONFIDENTIALITY NOTICE: This e-mail message may contain confidential and/or
privileged material. Any unauthorized review, use, disclosure or
distribution is prohibited. If you are not the intended recipient, please
contact the sender by reply e-mail and destroy all copies of the original
message. If you are the intended recipient but do not wish to receive
communications through this medium, please so advise the sender immediately.

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE:  In order to ensure compliance
with requirements imposed by the U.S. Internal Revenue Service, we
inform you that any federal tax advice contained in this communication
(including any attachments) is not intended or written to be used, and it
cannot be used, by any taxpayer for the purpose of (i) avoiding penalties
 that may be imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing, or recommending to another person, any
transaction or other matter addressed herein.

---

4

CONFIDENTIALITY NOTICE: This e-mail message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE:  In order to ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing, or recommending to another person, any transaction or other matter addressed herein.

---

CONFIDENTIALITY NOTICE: This e-mail message may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

# EXHIBIT B



 PRINTTHIS

## Klafter Olsen & Lesser: Abercrombie & Fitch To Pay Assistant Manager Thousands of Dollars In Improperly Withheld Overtime Wages

RYE BROOK, N.Y., March 6, 2014 /PRNewswire/ -- Klafter Olsen & Lesser LLP; Kellogg, Huber, Hansen, Todd, Evans, & Figel, P.L.L.C.; and Berger Attorney, P.C. announce that Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc. (NYSE: ANF), have offered to pay $4,075.96 to one Assistant Manager for failing to pay proper overtime wages from May 16, 2010 to present, in connection with a lawsuit filed in the Eastern District of New York, *Hepler, et al. v. Abercrombie & Fitch Co., et al.*, 13 Civ. 2815. Abercrombie agreed to pay the Assistant Manager's attorney's fees and court costs to be determined by the Court.

The claims arose under the Fair Labor Standards Act ("FLSA") and asserted that Abercrombie violated the FLSA by failing to pay Assistant Managers all wages due and owing to them for working more than 40 hours a week. Abercrombie did not pay overtime to the Assistant Manager at time and one-half, and Plaintiffs alleged that its practice violated the law. Abercrombie claimed that the amount offered to the Assistant Manager includes all overtime wages owed plus liquidated (double) damages, and interest. The full number of Abercrombie Assistant Managers who were subject to Abercrombie's pay practice is not known.

The Abercrombie Assistant Managers are represented by Seth R. Lesser, Fran Rudich, and Michael Palitz of Klafter Olsen & Lesser LLP; Silvija Strikis and Andrew Hetherington of Kellogg, Huber, Hansen, Todd, Evans, & Figel, P.L.L.C.; and Bradley Berger of Berger Attorney, P.C.

"This lawsuit is another in an unfortunate pattern of employers taking advantage of workers who are unaware of their rights," said Seth R. Lesser of KOL. "It is one of Klafter Olsen & Lesser's priorities, and that of my co-counsel firms, to help workers obtain overtime premiums to which they are entitled, and we hope that this judgment sends a message to Abercrombie and other employers that they need to be vigilant in complying with the law," Mr. Lesser explained.

For more information, contact Michael Palitz at MPalitz@klafterolsen.com or 914-934-9200, extension 312.

The firms representing Plaintiffs have extensive experience in bringing FLSA and wage and hour cases involving the failure to pay overtime. Please visit any of the firms' websites, www.klafterolsen.com, www.khhte.com, and www.bergerattorney.com, for more information.

# Abercrombie & Fitch To Pay Additional Assistant Managers Thousands of Dollars In Improperly Withheld Overtime Wages

By PR Newswire, April 08, 2014, 10:00:00 AM EDT

Vote up! A A A

See headlines for ANF
View Print Version
More from PR Newswire

▸ Abercrombie & Fitch To Pay Additional Assistant Managers Thousands of Dollars In Improperly Withheld Overtime Wages
▸ Partnerships, Grand Openings, Recognitions, Appointments, and Deployments - Analyst Notes on Abercrombie & Fitch, Dick's Sporting Goods, Henry Schein, Gannett, and Fiserv
▸ Consumer Discretionary Stocks Technical Briefing -- Research on Wet Seal, Abercrombie & Fitch, ANN Inc., and Chico's FAS

**Referenced Stocks**
▸ ANF 67% Rate It

NEW YORK, April 8, 2014 /PRNewswire/ -- Klafter Olsen & Lesser LLP; Kellogg, Huber, Hansen, Todd, Evans, & Figel, P.L.L.C.; and Berger Attorney, P.C. announce that Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc. (NYSE ☞ ANF), have offered to pay $10,798.46 to three Assistant Managers for failing to pay proper overtime wages, in connection with a lawsuit filed in the Eastern District of New York, Hepler, et al. v. Abercrombie & Fitch Co., et al., 13 Civ. 2815. Abercrombie agreed to pay the Assistant Manager's attorney's fees and court costs to be determined by the Court.

The claims arose under the Fair Labor Standards Act ("FLSA") and asserted that Abercrombie violated the FLSA by failing to pay Assistant Managers all wages due and owing to them for working more than 40 hours a week. Abercrombie did not pay overtime to the Assistant Manager at time and one-half, and Plaintiffs alleged that its practice violated the law. Abercrombie claimed that the amounts offered to the Assistant Managers include all overtime wages owed plus liquidated (double) damages, and interest. The full number of Abercrombie Assistant Managers who were subject to Abercrombie's pay practice is not known. Assistant Managers are continuing to join the lawsuit.

The Abercrombie Assistant Managers are represented by Seth Lesser, Fran Rudich, and Michael Palitz of Klafter Olsen & Lesser LLP; Silvija Strikis and Andrew Hetherington of Kellogg, Huber, Hansen, Todd, Evans, & Figel, P.L.L.C.; and Bradley Berger of Berger Attorney, P.C.

"We are thrilled to obtain thousands of dollars for our clients," said Seth Lesser of KOL. "It is one of Klafter Olsen & Lesser's priorities, and that of my co-counsel firms, to help workers obtain overtime premiums to which they are entitled, and we hope that these judgments send another message to Abercrombie and other employers that they need to be vigilant in complying with the law," Mr. Lesser explained.

For more information, contact Michael Palitz at MPalitz@klafterolsen.com or 914-934-9200, extension 312.

The firms representing Plaintiffs have extensive experience in bringing FLSA and wage and hour cases involving the failure to pay overtime. Please visit any of the firms' websites, www.klafterolsen.com, www.khhte.com, and www.bergerattorney.com, for more information.

Contact:

Seth R. Lesser

KLAFTER OLSEN & LESSER LLP

Two International Drive, Suite 350

Rye Brook, New York 10573

(914) 934-9200

SOURCE Klafter Olsen & Lesser LLP

O dropcam    Watch your home from any device    BUY NO

the button!    WLRB.com    ◉ Site ◉ Web    Louisville, KY    Search  Go

ADVERTISEMENT

KENTUCKY'S
POWER BALL    $ 50 MILLION    KENTUCKY LOTTERY
POWERPLAY

## Abercrombie & Fitch To Pay Additional Assistant Managers Thousands of Dollars In Improperly Withheld Overtime Wages

*Information contained on this page is provided by an independent third-party content provider. WorldNow and this Station make no warranties or representations in connection therewith. If you have any questions or comments about this page please contact pressreleases@worldnow.com.*

SOURCE Klafter Olsen & Lesser LLP

RYE BROOK, N.Y., May 27, 2014 /PRNewswire/ -- Klafter Olsen & Lesser LLP; Kellogg, Huber, Hansen, Todd, Evans, & Figel, P.L.L.C.; and Berger Attorney, P.C. announce that Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc. (NYSE: ANF), have offered to pay $96,110.04 to thirteen Assistant Managers for failing to pay proper overtime wages, in connection with a lawsuit filed in the Eastern District of New York, *Hepler, et al. v. Abercrombie & Fitch Co., et al.*, 13 Civ. 2815. This is in addition to prior offers from Abercrombie & Fitch to pay other Assistant Managers who had joined the lawsuit. Abercrombie agreed to pay the Assistant Manager's attorney's fees and court costs to be determined by the Court.

The claims arose under the Fair Labor Standards Act ("FLSA") and asserted that Abercrombie violated the FLSA by failing to pay Assistant Managers all wages due and owing to them for working more than 40 hours a week. Abercrombie did not pay overtime to the Assistant Manager at time and one-half, and Plaintiffs alleged that its practice violated the law. Abercrombie claimed that the amounts offered to the Assistant Managers include all overtime wages owed plus liquidated (double) damages, and interest. The full number of Abercrombie Assistant Managers who were subject to Abercrombie's pay practice is not known. Assistant Managers are continuing to join the lawsuit.

The Abercrombie Assistant Managers are represented by Seth Lesser, Fran Rudich, and Dudley Jordan of Klafter Olsen & Lesser LLP; Silvija Strikis and Andrew Hetherington of Kellogg, Huber, Hansen, Todd, Evans, & Figel, P.L.L.C.; and Bradley Berger of Berger Attorney, P.C.

"We are thrilled to obtain yet more thousands of dollars for more of our clients," said Seth Lesser of KOL. "It is one of Klafter Olsen & Lesser's priorities, and that of my co-counsel firms, to help workers obtain overtime premiums to which they are entitled, and we hope that these judgments send another message to Abercrombie and other employers that they need to be vigilant in complying with the law," Mr. Lesser explained.

For more information, contact Dudley Jordan at **Dudley.Jordan@klafterolsen.com** or 914-934-9200.

The firms representing Plaintiffs have extensive experience in bringing FLSA and wage and hour cases involving the failure to pay overtime. Please visit any of the firms' websites, **www.klafterolsen.com**, **www.khhte.com**, and **www.bergerattorney.com**, for more information.

Contact:
Seth R. Lesser
KLAFTER OLSEN & LESSER LLP
Two International Drive., Suite 350
Rye Brook, New York 10573
(914) 934-9200

©2012 PR Newswire. All Rights Reserved.

## CERTIFICATE OF SERVICE

I, Michael J. Ball, hereby certify that on August 25, 2014, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Seth R. Lesser
Fran L. Rudich
Klafter Olsen & Lesser LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Email: slesser@klafterolsen.com
       Fran.Rudich@klafterolsen.com

Andrew M. Hetherington
Silvija A. Strikis
Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC
1615 M Street NW, Suite 400
Washington, DC 20036-3209
Email: ahetherington@khhte.com
       sstrikis@khhte.com

Bradley I. Berger
Berger Attorney P.C.
321 Broadway
New York, NY 10007
Email: bradberger29@gmail.com

/s/ Michael J. Ball
Michael J. Ball
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
PO Box 1008
Columbus, OH 43216-1008
614.464.5625 (direct)
614.719.5297 (fax)
Email: mjball@vorys.com