# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

VERONIQUE HEPLER, individually and on
behalf of all others similarly situated,

                   Plaintiff,

      v.

ABERCROMBIE & FITCH CO., and
ABERCROMBIE & FITCH STORES, INC.,

                Defendants.

Case No. 13-cv-02815-LDW-SIL

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

KLAFTER, OLSEN & LESSER LLP
Seth R. Lesser
Fran L. Rudich
Two International Drive, Suite 350
Rye Brook, New York 10573
(914) 934-9200 (Tel.)
(914) 934-9220 (Fax)

BERGER ATTORNEY P.C.
Bradley L. Berger
321 Broadway
New York, New York 10007
(800) 529-4444 (Tel.)

Silvija A. Strikis (*pro hac vice*)
Andrew M. Hetherington (*pro hac vice*)
KELLOGG, HUBER, HANSEN,
   TODD, EVANS & FIGEL, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
(202) 326-7900 (Tel.)
(202) 326-7999 (Fax)

**ATTORNEYS FOR PLAINTIFF**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

BACKGROUND ................................................................................................................... 2

STANDARD OF REVIEW ................................................................................................... 7

ARGUMENT ........................................................................................................................ 7

I.   ABERCROMBIE'S RULE 68 OFFERS OF JUDGMENT ARE DEFICIENT
     BECAUSE THEY DO NOT OFFER ALL OF THE RELIEF SOUGHT
     IN THE COMPLAINT ............................................................................................. 10

     A.   Abercrombie's Offers of Judgment Do Not Include All of the Monetary
          Damages Obtainable in the Case ............................................................................ 11

     B.   Abercrombie's Offers of Judgment Do Not Include Other Relief Sought
          in the Complaint ..................................................................................................... 13

II.  ABERCROMBIE'S OFFERS OF JUDGMENT DO NOT MOOT THIS CASE ............ 16

     A.   This Case Is Not Automatically Moot Because of an Unaccepted Rule 68
          Offer of Judgment .................................................................................................. 16

     B.   This Case Is Not Moot Because Additional Opt-In Plaintiffs Have
          Joined the Case ....................................................................................................... 17

     C.   This Case Is Not Moot as Plaintiffs Are Pursuing Conditional Collective
          and Rule 23 Class Certification ............................................................................. 20

CONCLUSION ..................................................................................................................... 22

## TABLE OF AUTHORITIES

### CASES

Page(s)

*Abrams v. Interco, Inc.,*
  719 F.2d 23 (2d Cir. 1983) ............................................................................................9, 10

*Ambalu v. Rosenblatt,*
  194 F.R.D. 451 (E.D.N.Y. 2000).........................................................................10, 13, 21

*Aurecchione v. Schoolman Transp. Sys., Inc.,*
  426 F.3d 635 (2d Cir. 2005).......................................................................................................7

*Bowens v. Atlantic Maintenance Corp.,*
  546 F. Supp. 2d 55 (E.D.N.Y.2008) ...............................................................................19

*Briggs v. Arthur T. Mott Real Estate LLC,*
  No. 06-0468, 2006 U.S. Dist. LEXIS 82891 (E.D.N.Y. Nov. 14, 2006)...........................10

*Brumley v. Camin Cargo Control, Inc.,*
  No. 08-1798, 2010 U.S. Dist. LEXIS 144198 (D.N.J. Apr. 20, 2010) ................................4

*Cabala v. Crowley,*
  736 F.3d 226 (2d Cir. 2013).....................................................................................18, 19

*Callier v. Superior Bldg. Servs. Inc.,*
  No. 09-CV-4590, 2010 U.S. Dist. LEXIS 140232 (E.D.N.Y. Dec. 22, 2010) ....................5

*Chafin v. Chafin,*
  133 S. Ct. 1017 (2013)......................................................................................................7, 8

*Darboe v. Goodwill Indus. of Greater N.Y. & Northern NJ, Inc.,*
  485 F. Supp. 2d 221 (E.D.N.Y.2007) .............................................................................17

*Deposit Guar. Nat'l Bank v. Roper,*
  445 U.S. 326 (1980)........................................................................................................9, 21

*Diaz v. First Am. Home Buyers Protection Corp.,*
  732 F.3d 948 (9th Cir. 2013) ..........................................................................................17

*Eschmann v. White Plains Crane Serv., Inc.,*
  No. 11-CV-5881, 2014 U.S. Dist. LEXIS 38580 (E.D.N.Y. Mar. 24, 2014)............5, 6, 12

*FedEx Ground Package Sys., Inc., Emp't Practices Litig., In re,*
  273 F.R.D. 427 (N.D. Ind. 2008)....................................................................................15

*Franco v. Allied Interstate LLC*,
No. 13 Civ. 4053, 2014 U.S. Dist. LEXIS 47077 (S.D.N.Y. Apr. 2, 2014) .....................21

*Genesis Healthcare Corp. v. Symczyk*,
133 S. Ct. 1523 (2013) ............................................................................16, 18, 19, 20, 21

*Gibbons v. Office Depot, Inc.*,
No. 12-cv-02992, 2013 U.S. Dist. LEXIS 25169 (D.N.J. Feb. 20, 2013) ..........................4

*Gonzalez v. TZ Ins. Solutions, LLC*,
No. 8:13-cv-2098-T-33, 2014 U.S. Dist. LEXIS 3231 (M.D. Fla. Jan. 10, 2014) ...........15

*Gunawan v. Sake Sushi Rest.*,
897 F. Supp. 2d 76 (E.D.N.Y. 2012) ..................................................................................5

*Gurung v. Maholtra*,
851 F. Supp. 2d 583 (S.D.N.Y. 2012)................................................................................5

*Hanover Grove Consumer Hous. Coop. v. Berkadia Commercial Mortg., LLC*,
No. 13-13553, 2014 U.S. Dist. LEXIS 11918 (E.D. Mich. Jan. 31, 2014)) .....................10

*Hoffman-La Roche, Inc. v. Sperling*,
493 U.S. 165 (1989)...........................................................................................................9

*Honig v. Doe*,
484 U.S. 305 (1988).............................................................................................................8

*Hrivnak v. NCO Portfolio Mgmt., Inc.*,
719 F.3d 564 (6th Cir. 2013) ..........................................................................7, 10, 13, 14

*Kavanagh v. Zwilling*,
No. 12 Civ. 7062, 2014 U.S. Dist. LEXIS 19392 (S.D.N.Y. Feb. 14, 2014) .....................6

*Keim v. ADF Midatlantic, LLC*,
No. 12-80577, 2013 U.S. Dist. LEXIS 98373(S.D. Fla. Jul. 12, 2013)............................10

*Killian v. Concert Health Plan*,
742 F.3d 651 (7th Cir. 2013) ............................................................................................1

*Local 100, Transp. Workers Union v. Transp. Workers Union*,
No. 03 Civ. 3512, 2005 U.S. Dist. LEXIS 20012 (S.D.N.Y. Sept. 13, 2005) .....................1

*Mitchell v. Abercrombie & Fitch Co.*,
428 F. Supp. 2d 725 (S.D. Ohio 2006), *aff'd* 225 F. App'x 362 (6th Cir. 2007)................4

*Morse v. Equity Lifestyle Props.*,
    No. 2:13-cv-00408, 2014 U.S. Dist. LEXIS 59863 (S.D. Ind. Apr. 30, 2014).............1, 20

*Phifer v. City of New York*,
    289 F.3d 49 (2d Cir. 2002).........................................................................................7

*Raucci v. Town of Rotterdam*,
    902 F.2d 1050 (2d Cir. 1990).....................................................................................13

*Ritz v. Mike Rory Corp.*,
    959 F. Supp. 2d 276 (E.D.N.Y. 2013) .......................................................................16

*Sandoz v. Cingular Wireless LLC*,
    553 F.3d 913 (5th Cir. 2008) ......................................................................................9

*Silva v. Tegrity Personnel Servs., Inc.*,
    No. 4:13-cv-00860, 2013 U.S. Dist. LEXIS 171465 (S.D. Tex. Dec. 5, 2013)................10

*Student X v. New York City Dep't. of Educ.*,
    No. 07-CV-2316, 2008 U.S. Dist. LEXIS 88163 (E.D.N.Y. Oct. 30, 2008).......................1

*Velasquez v. Digital Page, Inc.* ("*Velasquez I*")*,*
    842 F. Supp. 2d 486 (E.D.N.Y. 2012) .............................................................5, 15, 17, 20

*Velasquez v. Digital Page, Inc. ("Velasquez II")*,
    952 F. Supp. 2d 464 (E.D.N.Y. 2013) ..............................................................18, 20, 21

*Ward v. Bank of New York*,
    455 F. Supp. 2d 262 (S.D.N.Y.)................................................................................7

*Weiss v. Regal Collections*,
    385 F.3d 337 (3d Cir. 2004).......................................................................................9

*Wills v. RadioSchack Corp.*,
    981 F. Supp. 2d 245 (S.D.N.Y. 2013).........................................................................4

*Yeboah v. Central Parking Sys.*,
    No. 06 CV 0128, 2007 U.S. Dist. LEXIS 81256 (E.D.N.Y. Nov. 1, 2007) ......................18

## STATUTES & REGULATIONS

Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq* ...........................................................................5

    29 U.S.C. § 216(b) ...............................................................................................................3, 5, 11

New York Labor Law ("NYLL")

    § 195(1) ...............................................................................................................................6, 11

    § 198 ..........................................................................................................................................11

    § 198(1-a) ............................................................................................................................6, 11

    § 198(1-b) ......................................................................................................................6, 11, 12

    § 198(1-d) ..............................................................................................................................12, 15

    § 663(1) ...............................................................................................................................6, 11

    §§ 650 *et seq.* ...........................................................................................................................5

29 C.F.R.

    § 778.114 ....................................................................................................................................2

    § 778.114(a) ...............................................................................................................................3

## OTHER AUTHORITIES

Department of Labor Final Rule,
    76 Fed. Reg. 18,832 (Apr. 5, 2011) ...................................................................................3

Decision & Order, *Tanasi v. New Alliance Bank*,
    No. 1:12-v-00646 (W.D.N.Y. Aug. 27, 2013), Dkt. No. 20 ..............................................16

Fed. R. Civ. P. 23 ...............................................................................................................................6

**INTRODUCTION**

Defendants Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc. (collectively, "Abercrombie") have asked this Court to hold it lacks subject-matter jurisdiction over this action, based on allegations that the case is moot. This case is far from moot, however, and Abercrombie does not meet its burden of clearly demonstrating otherwise.[1] Abercrombie's motion to dismiss should be denied.

Abercrombie's argument that this case is moot rests entirely on the fact that on February 18, 2014, Abercrombie made Rule 68 offers of judgment to Plaintiff Veronique Hepler and Opt-In Plaintiff Dominique Marceau (together, "Plaintiffs"), which were implicitly rejected when they expired.[2] According to Abercrombie, this case was moot as soon as the offers of judgment were tendered. Abercrombie is wrong for several reasons.

*First*, Abercrombie's offers of judgment do not moot these Plaintiffs' claims – still less the entire case – because the offers do not include all of the relief Plaintiffs could obtain in this action. Specifically, Abercrombie's offers failed to provide for all of the relief obtainable under the claims set forth, including, specifically: failing to account for the liquidated damages available under the New York Labor Law ("NYLL"); failing to account for statutory damages

---

[1] *See, e.g., Killian v. Concert Health Plan*, 742 F.3d 651, 660 (7th Cir. 2013) ("'The burden of demonstrating mootness is a heavy one,' . . . borne by the party seeking to have the case declared moot.") (citations omitted); *Morse v. Equity Lifestyle Props.*, No. 2:13-cv-00408-JMS-MJD, 2014 U.S. Dist. LEXIS 59863, at *2 (S.D. Ind. Apr. 30, 2014) ("When a defendant argues that a plaintiff's claim is moot, the burden is on the defendant to demonstrate mootness."); *Student X v. New York City Dep't. of Educ.*, No. 07-CV-2316 (NGG) (RER), 2008 U.S. Dist. LEXIS 88163, at *34 (E.D.N.Y. Oct. 30, 2008) ("A party seeking to have a case dismissed as moot bears a heavy burden.") (citations omitted); *Local 100, Transp. Workers Union v. Transp. Workers Union*, No. 03 Civ. 3512 (PKC), 2005 U.S. Dist. LEXIS 20012, at *11 (S.D.N.Y. Sept. 13, 2005) ("The burden on defendant to demonstrate mootness is a heavy one. . . .") (quotation marks and citation omitted).

[2] Abercrombie also references another Opt-In Plaintiff, Edit Buckland, in its motion, but agrees that Buckland accepted the offer of judgment in her case. *See* Defs' Mem. of Law in Support of Mot. to Dismiss ("Defs' Mem.") at 1.

under the NYLL for Abercrombie's failure to comply with its strict record keeping requirements; and failing to provide for the declaratory and injunctive relief sought by Plaintiffs. As to the monetary damages alone, as set forth below, Abercrombie's offer to Ms. Hepler is deficient by more than $3,500 and its offer to Ms. Marceau is deficient by more than $2,500. The offers of judgment were not close to being sufficient. Abercrombie cites no precedent that would allow this case to be mooted based on an insufficient offer of judgment, and, of course, there is none.

*Second,* an unaccepted offer of judgment does not automatically moot a putative collective or class action claim in this Court.

*Third,* Abercrombie does not take into account that additional plaintiffs have joined this case, including a current Abercrombie employee, which further supports this Court's continued jurisdiction.

*Fourth*, Plaintiffs have sought permission from the Court to file motions for conditional and Rule 23 class certification, further supporting that this case is not moot.

In sum, this case is not moot and should not be dismissed.

## BACKGROUND

For years, Abercrombie underpaid the eligible collective and class action members, referred to here as Abercrombie Assistant Managers ("AMs"), by not paying them time-and-a-half overtime to which they were entitled. Instead, Abercrombie paid AMs half-time for overtime hours. Abercrombie asserts that it was entitled to do this under a provision known as the "fluctuating workweek" ("FWW"), codified in 29 C.F.R. § 778.114. Under the FWW method of compensation, when employee hours are expected to fluctuate each week, employers may pay workers the same amount every week and, in return for the potential overpayment of wages for weeks in which less hours are worked, may pay half-time (instead of time-and-a-half) for overtime hours worked. In order to take advantage of the FWW's rule reducing overtime

2

compensation, the employer must pay a "fixed salary" to the employees in question and may not pay them any additional non-overtime premiums, such as holiday pay. *See id.* § 778.114(a).[3] By failing to do so, Abercrombie's payment of half-time overtime wages to its AMs, rather than time-and-a-half overtime wages violated the Fair Labor Standards Act ("FLSA") and entitles AMs to the full time-and-a-half wages that they were not paid. This point is explicated fully, with illustrative examples and with the relevant case law, at pages 12-16 of Plaintiffs' Memorandum in Support of Motion for Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b) (served on Defendants on June 30, 2014).

Abercrombie did (and continues to) pay such premiums – specifically hourly-based premiums. As evidenced by Opt-In Plaintiff and current AM Jenny Sam, who was twice extended offers of judgment and who accepted both of those (only to refile a new consent since her claims continue to accrue with each pay period – *see* Dkt. Nos. 48, 67, 70 86 and 101), Abercrombie continues, even today, to improperly withhold time-and-a-half overtime pay from its AMs.

Contrary to Abercrombie's assertions, no court has ever "approved" Abercrombie's improper adaptation of FWW compensation as being consistent with existing law and regulations. *See* Defs' Mem. at 3 (referring to cases that do not address the issue of payment of

---

[3] The Department of Labor explained that, while "the payment of bonus and premium payments can be beneficial for employees in many other contexts, we have concluded that unless such payments are overtime premiums, they are incompatible with the fluctuating workweek method of computing overtime under section 778.114." Department of Labor Final Rule, 76 Fed. Reg. 18,832, 18,853 (Apr. 5, 2011) ("Final Rule"). This makes sense because any other rule "could have the unintended effect of permitting employers to pay a greatly reduced fixed salary and shift a large portion of employees' compensation into bonus and premium payments, potentially resulting in wide disparities in employees' weekly pay depending on the particular hours worked. It is just this type of wide disparity in weekly pay that the fluctuating workweek method was intended to avoid . . ." *Id.* at 18,850. Every court to consider the issue directly has agreed with the Department of Labor.

FWW wages when the company also pays, as does Abercrombie, hour-based – *i.e.*, based on time worked – additional wages). Rather, every single court that has ever addressed that issue, which is the issue in this case, has rejected such payments as inconsistent with FWW compensation. Indeed, Judge Englemayer, in a comprehensive decision demonstrated the history of the FWW provision at issue, the nature of what the Department of Labor did in the Final Rule, and what the law requires. *Wills v. RadioShack Corp.*, 981 F. Supp. 2d 245, 255-57, 262 (S.D.N.Y. 2013); *accord also Gibbons v. Office Depot, Inc.*, No. 12-cv-02992 (DMC) (JAD), 2013 U.S. Dist. LEXIS 25169, at *6-7 (D.N.J. Feb. 20, 2013); *Brumley v. Camin Cargo Control, Inc.*, No. 08-1798 (JLL), 2010 U.S. Dist. LEXIS 144198, at *17 (D.N.J. Apr. 20, 2010) (holiday pay "results in the absence of the 'fixed salary' required by the regulation").[4] While Abercrombie claims that its pay practices have been "approved," the only case it cites for that proposition did not address, still less adjudicate, the issue presented here.[5]

In an effort to provide AMs the compensation to which she and others were entitled to because of Abercrombie's attempt to save money despite governing law and regulations, Ms. Hepler brought suit, individually, and on behalf of all persons similarly situated under the

---

[4] In an earlier filing with the Court (Dkt. No. 46 at 3), Abercrombie cited to *Wills* as supporting its position. Judge Englemayer's decision most emphatically did nothing of the sort. After fully reviewing the regulation and its amendments, he concluded, without equivocation that:

> The Court, therefore, reads the Final Ruling as leaving in place the distinction between hours-based bonuses, which are incompatible with the FWW requirement of a "fixed weekly salary," and performance-based bonuses, which are not.

*Wills*, 981 F. Supp. 2d at 262.

[5] *Mitchell v. Abercrombie & Fitch Co.*, 428 F. Supp. 2d 725 (S.D. Ohio 2006), *aff'd* 225 F. App'x 362 (6th Cir. 2007), cited by Abercrombie (at 3), addressed a claim that "docking" of employees' pay violated the fixed salary requirement, which is not the issue raised in this case. *See* 428 F. Supp. 2d at 736.

4

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law

("NYLL") §§ 650 *et seq.* *See* Compl. ¶¶ 39-61 (Dkt. No. 1). Ms. Marceau opted in to the

lawsuit on June 11, 2013 (Dkt. No. 11). Several other Plaintiffs have opted in since that time,

including Ms. Sam, who is currently employed by Abercrombie as an AM and became an Opt-In

Plaintiff in this case (for the third time, having accepted Abercrombie's prior offers of judgment)

on July 14, 2014 (Dkt. No. 101).[6]

    The pending class complaint states claims for monetary damages, as well as declaratory

and injunctive relief. As Abercrombie recognizes (at 6-7) Plaintiffs are entitled under the

FLSA to actual damages in "the amount of . . . unpaid minimum wages, or . . . unpaid overtime

compensation . . . and . . . an additional equal amount as liquidated damages." 29 U.S.C.

§ 216(b). Plaintiffs also are entitled under the NYLL (as amended by the New York Wage Theft

Act ("NYWTA")) to liquidated damages equal to the amount of underpayment – separately and

in addition to liquidated damages under the FLSA[7]; to additional damages in the amount of $50

---

[6] Other individuals have also opted in. *See* Defs' Mem. at 9 n.6. In addition to the individuals disclosed by Abercrombie and Ms. Sam, several additional plaintiffs have opted in, for a total of twenty-nine Opt-In Plaintiffs, plus Ms. Hepler. *See* Dkt. Nos. 96 (Augilidie), 98 (O'Connell), 99 (Adriansen), 100 (Blau), and 101 (Sam – third Opt-In notice). Abercrombie (at 13-14) conclusorily dismisses the regular addition of Opt-In Plaintiffs as being part of purported "machinations" by Plaintiffs. But, as this Court has recognized, the fact that additional persons have been identified who have an interest in, and are willing to, opt in this case demonstrates that the case is not moot. *Velasquez v. Digital Page, Inc.*, 842 F. Supp. 486, 488-89 (E.D.N.Y. 2012) ("*Velasquez I*"). Plaintiffs' reasonable and lawful efforts to disseminate information about this case and to certify a class cannot reasonably be described as "machinations."

[7] A case cited by Abercrombie (at 5 n.4) makes clear that Plaintiffs may recover liquidated damages under both the FLSA and NYLL because liquidated damages serve a different purpose under each statute. *See Eschmann v. White Plains Crane Serv., Inc.*, No. 11-CV-5881 (KAM) (VVP), 2014 U.S. Dist. LEXIS 38580, at *23-24 (E.D.N.Y. Mar. 24, 2014) (noting that "the majority view [within this Circuit] is that a plaintiff may recover liquidated damages under both statutes"); *see also Gurung v. Maholtra,* 851 F. Supp. 2d 583, 593 (S.D.N.Y. 2012) (collecting cases); *Gunawan v. Sake Sushi Rest.,* 897 F. Supp. 2d 76, 91 (E.D.N.Y. 2012); *Callier v. Superior Bldg. Servs. Inc.*, No. 09-CV-4590 (ILG) (JMA), 2010 U.S.

for each work week, not to exceed $2,500, in which the employer failed to provide to employees with certain written notices related to their pay; to additional damages in the amount of $100 for each work week, not to exceed $2,500, in which the employer failed to retain and to provide to employees certain records relating to overtime pay; and to pre-judgment interest on those damages. *See* NYLL §§ 195(1), 195(3), 198(1-a), 198(1-b); 663(1).  It is alleged that Abercrombie did not provide certain required written notices or provide and did not retain the required records for 17 weeks in Ms. Hepler's case, and 13 weeks in Ms. Marceau's. *See* Compl. ¶¶ 20, 54-61; Defs' Mem. at 3-6 (stating dates of employment).[8]

Upon the filing of this case, Abercrombie moved to have the case transferred to the Southern District of Ohio. *See* Dkt. No. 15.  The court denied that motion on January 9, 2014, and ordered the parties to meet with Magistrate Judge Wall to set a discovery schedule. Dkt. No. 22.  On March 3, 2014, Plaintiffs sought leave from this Court to file motions for conditional certification of a nationwide collective action under the FLSA, and for class certification pursuant to Fed. R. Civ. P. 23 for the New York State Law claims. Dkt. No. 32. Consistent with this Court's practices, Abercrombie received the motion for conditional certification on July 30, 2014, and complete briefing on that issue will be provided to the Court on August 25, 2014.

---

Dist. LEXIS 140232, at *4 (E.D.N.Y. Dec. 22, 2010).  Specifically, "[u]nder the FLSA, liquidated damages are not penal in nature, but serve a compensatory purpose. . . .  In contrast, liquidated damages under the NYLL constitute a penalty to deter an employer's willful withholding of wages due." *Eschmann*, 2014 U.S. Dist. LEXIS 38580, at *22-23 (quotation marks and citation omitted).

[8] "When considering a motion to dismiss for lack of subject matter jurisdiction or for failure to state a cause of action, a court must accept as true all material factual allegations in the complaint." *Kavanagh v. Zwilling*, No. 12 Civ. 7062 (JMF), 2014 U.S. Dist. LEXIS 19392, at *11-12 (S.D.N.Y. Feb. 14, 2014) (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

## STANDARD OF REVIEW

As an initial matter, Abercrombie misstates the standard of review that the Court should apply in this motion. As discussed *supra*, at n. 1, Abercrombie faces a heavy burden to establish that this case is moot. Further, under Abercrombie's own cited cases, it is clear that the Court must construe all ambiguities and inferences in favor of the plaintiff when ruling on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See, e.g., Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (stating that court must construe all ambiguities and inferences in plaintiff's favor); *Ward v. Bank of New York*, 455 F. Supp. 2d 262, 265 (S.D.N.Y. 2006) (same) (cited Defs' Mem. at 10). Moreover, where a plaintiff states a colorable claim, a court should not dismiss the case, particularly at the pleadings stage. *Aurecchione*, 426 F.3d at 638; *see also Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 569 (6th Cir. 2013) (declining to find lawsuit seeking class relief moot because "[t]o rule on whether Hrivnak is entitled to a particular kind of relief is to decide the merits of the case," which is not required by any "Rule or tradition"); *Chafin v. Chafin*, 133 S. Ct. 1017, 1024 (2013) (argument that "'confuses mootness with whether [the plaintiff] has established a right to recover'" is "'inappropriate'" when considering whether case is moot) (quoting *Powell v. McCormack*, 395 U.S. 486, 500 (1969)).

Even accepting Abercrombie's arguments, Plaintiffs in this case have amply demonstrated that this case is not moot and this Court has jurisdiction over it. *See Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002) (describing plaintiff's burden in supporting jurisdiction as a preponderance of the evidence standard) (cited Defs' Mem. at 10).

## ARGUMENT

This case presents a clear dispute that is not moot in any sense. Apart from Ms. Hepler and Ms. Marceau, twenty-eight additional plaintiffs have opted in to this case. Abercrombie's

prompt response was to issue Rule 68 offers of judgment to twenty-one of them. Several Opt-In Plaintiffs accepted the offers, but some did not.[9] Eight other Opt-In Plaintiffs have not received offers of judgment and thus remain in the case with Ms. Hepler and Ms. Marceau. And, perhaps most significantly to the issue whether there is a live controversy before this Court, a current Abercrombie AM, Ms. Sam, opted in to the case and received an offer of judgment – twice – and has now opted into the case again, because her damages continue to accrue every week that Abercrombie continues its illegal payment practices. With eleven Plaintiffs currently before it, eight of whom have never received an offer of judgment from Abercrombie, this case presents an "actual, ongoing controvers[y]" over which this Court has jurisdiction. *See Honig v. Doe*, 484 U.S. 305, 317 (1988). Indeed, "a case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin*, 133 S. Ct. at 1023 (quotation marks and citation omitted).

Moreover, despite Abercrombie's proffer of twenty-one offers of judgment in this case, the litigation is certain to continue. Plaintiffs who have already opted in to this case should not be required to fill the Court's docket with additional cases raising the exact same claims, which are, like the Plaintiffs themselves, already before the Court. Neither the Court nor Plaintiffs should be required to engage in such an expensive and protracted paper-shuffling exercise.

This case thus presents a stark example of how Abercrombie's arguments, if accepted, would create absurd judicial and equitable inefficiencies to the detriment of this Court and the judicial system, the current case, the Plaintiffs in this case, and the class for which certification is to be sought under the FLSA and Rule 23. Concerns about such unnecessary expenditure of

---

[9] Abercrombie asserts that it made offers of judgment of "full relief" to the Opt-Ins. Defs' Mem. at 14. That some of the offers were accepted does not mean that any Opt-In Plaintiffs concede that full relief has been provided for the claims pursued in this action.

8

judicial resources and frustration of plaintiffs with colorable claims is precisely what underlies myriad decisions explaining that access to the courts should not be blocked by such defense strategies. *See, e.g., Weiss v. Regal Collections*, 385 F.3d 337, 344 (3d Cir. 2004) (Rule 68 should not be allowed to "undercut the viability of the class action procedure, and frustrate the objectives of this procedural mechanism for aggregating small claims"); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920 (5th Cir. 2008) (adopting reasoning in *Weiss* in the context of a FLSA § 216(b) action). As the Supreme Court explained in *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 339 (1980), when considering Rule 23, "[r]equiring multiple plaintiffs to bring separate actions . . . obviously would frustrate the objectives of class actions; moreover, it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." Collective actions under the FLSA similarly provide to the "judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).[10] Consistent with such a logical approach, there are a number of grounds supporting denial of Abercrombie's motion, as set forth below.

---

[10] Abercrombie suggests (at 18) that *Abrams v. Interco, Inc.*, 719 F.2d 23 (2d Cir. 1983), compels a conclusion that "there is no justification for taking the time of the court and defendant" on this case. *Abrams*, an antitrust case, does not so hold and involves a very different procedural posture. There, two of plaintiffs' counts had been dismissed and class certification had been considered and denied on the third count, including because the District Court concluded that the case would be unmanageable as a class action. *Id.* at 25, 30. The appellate court affirmed, explaining, "Plaintiffs have availed themselves of their right to appeal the denial of class certification, and, after full consideration, we have decided against them." *Id.* at 32. As to plaintiffs' remaining claim, there was no dispute that defendants had offered to satisfy it in full after the District Court's ruling on class certification. *Id.*

## I.     ABERCROMBIE'S RULE 68 OFFERS OF JUDGMENT ARE DEFICIENT BECAUSE THEY DO NOT OFFER ALL OF THE RELIEF SOUGHT IN THE COMPLAINT

Abercrombie's entire argument depends on it having made sufficient offers of judgment

to Ms. Hepler and Ms. Marceau. Abercrombie therefore admits that its rejected offers of

judgment do not moot this case if "the plaintiff could potentially recover more than the relief

offered by defendant, such as where the offer is not comprehensive, or where the amount is

disputed." Defs' Mem. at 12 (quoting *Lopez-Martinez v. Gokul Inc. of N.Y.*, No. 1:13-CV-467,

2013 U.S. Dist. LEXIS 165311, at *9-10 (N.D.N.Y. Nov. 21, 2013)).[11]  In other words, "[t]o

moot a case or controversy between opposing parties, an offer of judgment must give the

plaintiff *everything* he has asked for as an individual." *Hrivnak*, 719 F.3d at 567 (emphasis in

original). It is indisputable that Abercrombie's offers did not provide all of the relief sought by

Ms. Hepler and Ms. Marceau, and it therefore follows that this case is not moot, and should

proceed expeditiously.

_____

[11] None of the cases cited by Abercrombie (at 12-15) stand for the proposition that an insufficient Rule 68 offer to a plaintiff can moot a case. *See, e.g., Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) (finding defendant "offered all that Ambalu could hope to recover through this litigation" before plaintiff moved for class certification); *Briggs v. Arthur T. Mott Real Estate LLC*, No. 06-0468, 2006 U.S. Dist. LEXIS 82891, *9-10 (E.D.N.Y. Nov. 14, 2006) (finding case moot where Rule 68 offer of judgment provided uncontested full relief, no motion for conditional certification had been filed, and no additional plaintiffs had opted into the case). In *Keim v. ADF Midatlantic, LLC*, No. 12-80577, 2013 U.S. Dist. LEXIS 98373, *4 (S.D. Fla. Jul. 12, 2013), defendants paid all statutory damages for Plaintiff and others due under the Telephone Consumer Protection Act and "agreed to the injunctive relief Plaintiff sought." Similarly, in *Hanover Grove Consumer Housing Coop. v. Berkadia Commercial Mortgage, LLC*, No. 13-13553, 2014 U.S. Dist. LEXIS 11918, *15 (E.D. Mich. Jan. 31, 2014), defendant offered full damages, an incentive fee of 10 times damages, and a "stipulated permanent injunction" that was "precisely the injunctive relief sought." And, in *Silva v. Tegrity Personnel Services, Inc.*, No. 4:13-cv-00860, 2013 U.S. Dist. LEXIS 171465, at *36-37 (S.D. Tex. Dec. 5, 2013), defendant's Rule 68 offer could not moot the case because did not provide plaintiff relief on all her FLSA claims.

10

**A.      Abercrombie's Offers of Judgment Do Not Include All of the Monetary Damages Obtainable in the Case**

As set forth in its motion, Abercrombie calculated its Rule 68 offers as follows:
(1) Abercrombie multiplied the overtime pay, which Abercrombie calls "Supplemental Pay," each plaintiff received by two, to arrive at the amount of overtime pay that Abercrombie should have, but did not pay; (2) Abercrombie then added the amount computed in Step 1 again, to account for liquidated damages under the FLSA;[12] (3) Abercrombie calculated pre-judgment interest back to the first day of the first month in which it underpaid each plaintiff; and (4) Abercrombie, tacitly conceding that the above did not make each plaintiff whole, added $200 to each offer. *See* Defs' Mem. at 6-7.

Abercrombie's offers did *not* include:  (5) the additional liquidated damages to which Plaintiffs are entitled under the NYLL, which are separate and apart from liquidated damages under the FLSA; or (6) the damages to which Plaintiffs are entitled under the NYLL for Abercrombie's failure to provide accurate wage statements, NYLL § 198.[13]  Indeed, Abercrombie's offers of judgment to Ms. Hepler and Ms. Marceau were only approximately 40% of the total amount of monetary amounts that they could recover here.  Accordingly, the present motion is grounded on a patently false premise.

---

[12] The FLSA provides for damages in "the amount of . . . unpaid minimum wages, or . . . unpaid overtime compensation . . . and . . . an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

[13] *See* NYLL §§195(1), 195(3), 198(1-a), 198(1-b), 663(1).  Plaintiffs also reserve the right to seek interest or any other relief they are entitled to under the NYLL.

The amounts by which Abercrombie's offers were deficient are as follows:

| | Veronique Hepler | Dominique Marceau |
|---|---|---|
| **Abercrombie offer of judgment** | **$2,647.72** | **$1,933.32** |
| Amount of Overtime Not Paid | $1,073.86 | $569.54 |
| Liquidated Damages | $1,073.86 | $569.54 |
| Interest (rounded up to nearest $100) | $300.00 | $500.00 |
| Additional amount added | $200.00 | $200.00 |
| | | |
| **Damages sought in Complaint that Abercrombie failed to include** | **$3,623.86** | **$2,519.54** |
| NYLL Additional Liquidated Damages | $1,073.86 | $569.54 |
| NYWTA damages under § 198(1-b) | $850.00 ($50 x 17 weeks, up to maximum of $2,500) | $650.00 ($50 x 13 weeks, up to maximum of $2,500) |
| NYWTA damages under § 198(1-d) | $1,700.00 ($100 x 17 weeks, up to maximum of $2,500) | $1,300.00 ($100 x 13 weeks, up to maximum of $2,500) |

In asserting (at 19-20) that Ms. Hepler and Ms. Marceau have been offered full monetary relief for their NYLL claims, Abercrombie thus erred. The relevant allegations are clearly presented in this case, *see, e.g.*, Compl. ¶¶ 20, 54-61, and Prayer for Relief (g), and even assuming, as Abercrombie asserts (at 7), that the offers of judgment for particular categories of damages exceeded the amount Ms. Hepler and Ms. Marceau might recover by, *e.g.*, rounding up and adding an additional $200.00, the amounts offered remain deficient by significant amounts.[14]

Abercrombie's response is to assert (at 20-21), almost in passing, that the Court should decline supplemental jurisdiction over the NYLL claims, assuming the federal claims are disposed of. This conclusion evades the fact that Abercrombie's Rule 68 offers of judgment are

---

[14] The shortfall also remains regardless whether Abercrombie may now argue, contrary to its Rule 68 offers of judgment, that Ms. Hepler and Ms. Marceau might not have been awarded both liquidated damages and prejudgment interest under the FLSA. *See Eschmann*, 2014 U.S. Dist. LEXIS 38580, at *23 (asserting that "[b]ecause liquidated damages under the FLSA serve as "compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA," *id.*, a plaintiff cannot recover both liquidated damages and prejudgment interest under the FLSA.").

deficient because they fail to provide all the damages to which Ms. Hepler and Ms. Marceau are entitled in this case should they prevail on the claims set forth in the Complaint. Abercrombie cites no precedent that would permit a case to be mooted by an insufficient offer of judgment and, in fact, admits that only an offer that "satisf[ies] the plaintiff's entire demand" can moot a case. Defs' Mem. at 11 (citing *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 452 (E.D.N.Y. 2000)). The decisions Abercrombie cites regarding cases where there was no federal claim are inapposite for that reason and the other reasons stated herein. It is not the case, however, that this Court could never exercise jurisdiction over state law claims remaining in this case, in the Court's discretion. *See Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1055 (2d Cir. 1990) (explaining jurisdiction over state claims may be retained when court concludes that "judicial economy and convenience favored retention of jurisdiction"). Plaintiffs do not waive any arguments regarding this Court's ability to adjudicate state law claims in this case.

## B.    Abercrombie's Offers of Judgment Do Not Include Other Relief Sought in the Complaint

Abercrombie's offers of judgment are also deficient because they do not offer any satisfaction for other relief sought in the Complaint, including the request for declaratory judgment and injunctive relief under the FLSA and NYLL. Absent provision for complete relief requested, the offers of judgment fail to provide all the relief that could have been obtained by Plaintiffs. *See Hrivnak*, 719 F.3d at 568-70 (leading recent decision explaining that Defendants' failure to satisfy Plaintiffs' demand for injunctive relief (among other demands) precluded finding of mootness). Here, Abercrombie's offers of judgment expressly provide that neither the offers, nor any resulting judgment should the offers be accepted, "may be construed either as an admission of liability on the part of Defendant or that the Plaintiff or any other individual has suffered any damage."

13

Abercrombie recognizes this plain deficiency (at 15-17), but argues that it was not required to make offers of judgment on Plaintiffs' equitable claims because (1) the FLSA does not permit equitable relief in cases brought by individual employees (as opposed to the Secretary of Labor); and (2) as former employees, Ms. Hepler and Ms. Marceau lack standing to seek equitable relief. Neither argument has merit.

*First*, Abercrombie cites no controlling authority – from either the Supreme Court or the Second Circuit – for the proposition that equitable relief is unavailable under the FLSA. As the *Hrivnak* court explained in rejecting a similar argument about the Federal Debt Collection Practices Act ("FDCPA"), absent binding authority on the district court before which an action is pending, any ruling that equitable relief is not available under the relevant statute is a judgment on the merits, which presupposes, and indeed *requires*, that the court assert jurisdiction over the case:

> [Defendants argue that Plaintiff] is not authorized as an individual to seek declaratory or injunctive relief under the FDCPA . . . . The defendants may be right, but each argument goes to the merits of Hrivnak's claims, and the merits of those claims are not so insubstantial as to deprive the court of jurisdiction. To pick one example, the defendants may be right that the FDCPA does not authorize declaratory or injunctive relief. But neither our court nor the Supreme Court has reached that conclusion, and it is surpassingly strange to think that this court and the Supreme Court do not have jurisdiction to resolve this point of law. Plaintiffs have the right to win—and lose—cases, and we have jurisdiction to make the call. To rule on whether Hrivnak is entitled to a particular kind of relief is to decide the merits of the case. Neither Civil Rule 68 nor any other Rule or tradition requires the district court to do that in response to a motion to dismiss for lack of subject matter jurisdiction.

*Hrivnak*, 719 F.3d at 569-70. As in *Hrivnak*, this Court should decline to find it has no jurisdiction over this case when it raises a colorable legal claim.

*Second*, and in all events, Plaintiffs also seek declaratory and injunctive relief under the NYLL, which expressly provides for such relief and, inasmuch as there is not event a debatable question in this regard, the offers of judgment failed (again) to provide all the relief that could be

14

recovered in this case as pleaded. *See* Compl. Prayer for Relief; NYLL § 198 (1-d) ("The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate.").

To the extent that Abercrombie suggests that issues of standing preclude Plaintiffs from pressing their case to obtain equitable relief, it errs. As discussed above, Ms. Hepler and Ms. Marceau can seek such relief on behalf of a putative class of Abercrombie employees. That they are former Abercrombie employees does not change that fact. As the court found in *Gonzalez v. TZ Insurance Solutions, LLC*, No. 8:13-cv-2098-T-33EAJ, 2014 U.S. Dist. LEXIS 3231, at *8 (M.D. Fla. Jan. 10, 2014), former employees are entitled to bring a claim for declaratory relief on behalf of themselves and other similarly situated employees, both current and former. *See id.* ("TZ Insurance also advances the argument that Gonzalez lacks standing to bring a declaratory relief claim because Gonzalez is a former employee with no stake in TZ Insurance's current employment and record keeping practices. Here, however, Gonzalez brings his claims on behalf of himself and other similarly situated employees (current and former). Under these circumstances, Gonzalez's declaratory relief claim is appropriate.") *See also In re FedEx Ground Package Sys., Inc., Emp't Practices Litig.*, 273 F.R.D. 427, 438 (N.D. Ind. 2008) ("In the employment context, courts have held that former employees have standing to represent a class consisting of both current and past employees.") (citing cases).

And there can be no argument that a current employee affected by Abercrombie's underpayments, such as Opt-In Plaintiff Ms. Sam, lacks standing to press for prospective relief protecting herself and other AMs. As in *Velasquez I*, this Court should consider that regardless of the offers of judgment made to Ms. Hepler and Ms. Marceau, at least one other Opt-In Plaintiff has promptly joined the case and may seek declaratory and injunctive relief. *See* 842 F.

15

Supp. 2d at 489. Indeed, several Opt-In Plaintiffs have joined the case and eleven Plaintiffs are
before the Court.

## II.     ABERCROMBIE'S OFFERS OF JUDGMENT DO NOT MOOT THIS CASE

According to Abercrombie, this case was moot as soon as the offers of judgment were
issued to Ms. Hepler and Ms. Marceau on February 18, 2014. *See, e.g.*, Defs' Mem. at 12. But
neither the tender of, nor the expiration of, Abercrombie's automatically – or instantly – mooted
this case. Abercrombie itself notes that after the Supreme Court's decision in *Genesis
Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), courts in the Second Circuit have found
that "Rule 68 offers do not moot an FLSA collective action . . . 'if additional plaintiffs have
opted in, but have not been given offers of judgment.'" Defs' Mem. at 12. (quoting *Lopez-
Martinez v. Gokul Inc. of N.Y.*, No. 1:13-CV-467, 2013 U.S. Dist. LEXIS 165311, at *9-10
(N.D.N.Y. Nov. 21, 2013) (finding case not moot where offers of judgment were challenged as
insufficient)). That is what has occurred here. Notwithstanding Abercrombie's seriatim offers
of judgment to twenty-one individuals, there are still now before this Court eleven individuals,
eight of whom have not been given offers of judgment, including Ms. Sam, who has now filed
her *third* consent in this action (because, as a current employee, her claims continue to arise with
each and every pay period).

### A.     This Case Is Not Automatically Moot Because of an Unaccepted Rule 68
###        Offer of Judgment

As an initial matter, there is no binding precedent holding that an unaccepted Rule 68
offer of judgment must, without more, render a putative collective or class action moot. Indeed,
courts in this District and others have held to the contrary, post-*Genesis*. *See, e.g.*, *Ritz v. Mike
Rory Corp.*, 959 F. Supp. 2d 276, 281-82 (E.D.N.Y. 2013) (FLSA collective claims were not
moot after offer of judgments were not accepted); Decision & Order at 11-12, *Tanasi v. New*

*Alliance Bank*, No. 1:12-v-00646 (W.D.N.Y. Aug. 27, 2013), Dkt. No. 20 (claims asserted

on behalf of a Rule 23 class were not moot after offer of judgment made), *appeal pending*

No. 14-1389 (2d Cir.); *Diaz v. First Am. Home Buyers Protection Corp.*, 732 F.3d 948, 954-55

(9th Cir. 2013) (holding that "an unaccepted Rule 68 offer that would have fully satisfied a

plaintiff's claim does not render that claim moot").

      **B.**    **This Case Is Not Moot Because Additional Opt-In Plaintiffs Have Joined the Case**

      It is also beyond dispute that additional Plaintiffs have opted in this case and that several

of them have not received offers of judgment. *See* Defs' Mem. at 9-10, n. 6. Abercrombie cites

various cases from other courts to argue that the presence of additional plaintiffs should not

concern the court. Tellingly, in its analysis, Abercrombie ignores this Court's ruling in

*Velasquez 1*, a carefully considered decision from Your Honor – and which Your Honor pointed

out to the parties at the last status conference – that makes clear the court may consider whether

additional Plaintiffs have opted in when determining whether the case is moot. *See Velasquez I*,

842 F. Supp. 2d at 488. Nothing in *Velasquez I* limits the court to considering only Plaintiffs

who opted in before the defendant's Rule 68 offer of judgment was issued. Indeed, *Velasquez I*

explained that the identification of one opt-in plaintiff who had not received an offer of judgment

was enough to support that the case was not moot. *Id.* at 488-89.[15] This Court has also held that

---

      [15] The Court distinguished its prior ruling in *Darboe v. Goodwill Industries of Greater N.Y. & Northern NJ, Inc.,* 485 F. Supp. 2d 221, 223 (E.D.N.Y.2007), because that case involved a matter pending for more than a year when the Rule 68 offer was made, with no opt-in plaintiff identified. *Velasquez I*, 842 F. Supp. 2d at 488. In this case, Abercrombie's first actions were to seek transfer of this case to the Southern District of Ohio, unsuccessfully, which delayed further proceedings in this case for several months. *See* Dkt. Nos. 15 & 15-1. Here, as in *Velasquez I* and *II*, it is clear that there are additional Plaintiffs opting in the case and that conditional certification is being promptly pursued. Abercrombie cannot support any claim that Plaintiffs have been dilatory in pursuing this action.

the same rationale survives after the Supreme Court's *Genesis* decision. *Velasquez v. Digital Page, Inc.*, 952 F. Supp. 2d 464 (E.D.N.Y. 2013) ("*Velasquez II*").

Thus, the fact that other Plaintiffs have now joined the case, including opt-ins who have not received offers of judgment permits this Court to continue to exercise jurisdiction. The premise of Abercrombie's motion to dismiss is a failed game of "gotcha!" As Abercrombie would have it, once its offer expired, the case ended retroactively, effective back to February 18. *See* Defs' Mem. at 12-13. It is only by assuming that the case *automatically and instantly* became moot at the time that the offers for judgment were made, that Abercrombie asks this Court to ignore the scores of additional Plaintiffs who subsequently have opted into this case, including Plaintiffs who have not received offers of judgment, and also to ignore the fact that Plaintiffs promptly sought leave to certify not only a collective action under the FLSA but also a Rule 23 class action alleging state law violations. *See* Dkt. No. 32.

In fact, it is well-settled in this Circuit that an unaccepted offer of judgment does *not* automatically moot a case, even when it provides all of the relief sought, which is not the case here. In *Cabala v. Crowley*, 736 F.3d 226 (2d Cir. 2013), the Second Circuit explained that:

> In *McCauley v. Trans Union, L.L.C.*, 402 F.3d 340 (2d Cir. 2005), we rejected the argument that an unaccepted offer of settlement for the full amount of damages owed "moots" a case such that the case should be dismissed for lack of jurisdiction if the plaintiff desires to continue the action. Rather, we held, the typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer. *Only after such a disposition is the controversy resolved such that the court lacks further jurisdiction.*

736 F.3d at 228 (citations omitted, emphasis added).[16] Obviously, there was not any such disposition here. *See also Yeboah v. Cent. Parking Sys.*, No. 06 CV 0128 (RJD) (JMA), 2007

---

[16] This is not form over substance. Absent entry of judgment by this Court, Abercrombie's offers are a legal nullity. Moreover, even if the offers could be construed as binding promises – akin to settlement agreements – they still would not have the force of law.

18

U.S. Dist. LEXIS 81256, at *15-16 (E.D.N.Y. Nov. 1, 2007) (the presence of another opt-in

FLSA case "requires the conclusion that even if defendant's Rule 68 offer represented or

exceeded plaintiff's maximum recovery, it neither mooted plaintiff's FLSA claim nor deprived

this Court of subject matter jurisdiction over this matter.") (Dearie, J.); *Bowens v. Atl. Maint.*

*Corp.*, 546 F. Supp. 2d 55, 78 (E.D.N.Y.2008) (in FLSA case, "where the offer either fails to

satisfy all of plaintiffs' damages or where there are additional plaintiffs who have opted in,

dismissal is not appropriate) (citing cases); *see also* Pls' Letter in Resp. to Defs' Pre-Conference

Letter at 1-2 & n.1 (Mar. 12, 2014) (citing cases) (Dkt. No. 38).

Abercrombie's contrary position finds no support in the Supreme Court's *Genesis* ruling.

In that case, the Court assumed that the case was rendered moot by an offer of judgment based

on a theory of waiver. *Genesis*, 133 S. Ct. at 1528-29 (noting that petitioner had waived that

issue by accepting below that her claim was moot, and stating that, "While the Courts of Appeals

disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render

the claim moot, we do not reach this question, or resolve the split, because the issue is not

properly before us.") As this Court has previously and explicitly noted, the *Genesis* decision is

therefore not dispositive where "Plaintiffs have not only rejected the offers, but each has also

disputed their sufficiency." *Velasquez II*, 952 F. Supp. 2d at 467.

Here, not only are there Opt-In Plaintiffs who have not received an offer of judgment, but

Abercrombie's own conduct in providing offers of judgment to several other Opt-In Plaintiffs is

inconsistent with their current position that none of those Opt-In Plaintiffs could have stated a

---

*See Cabala*, 736 F.3d at 230 (While the terms of the settlement agreement may be enforced in accordance with contract law, "a judgment may be enforced using all the remedies available to a judgment creditor.").

19

claim. This Court should follow its carefully reasoned *Velasquez* rulings and allow this case to proceed.

### C. This Case Is Not Moot as Plaintiffs Are Pursuing Conditional Collective and Rule 23 Class Certification

Separately and independently to all of the foregoing, in *Velasquez I*, this Court explained that when, as here, "Plaintiff's counsel has made consistently clear the intent to pursue this matter on a collective basis, and has not been dilatory in seeking conditional certification," an offer of judgment "at this early stage of the litigation does not render this action moot." *Id.* at 489. In *Velasquez II*, the Court noted that "an otherwise moot" case (for example, a putative collective class "with no opt-in members") would not survive solely on that basis, in contrast to cases involving Rule 23 class certification, *id.* at 467, but this case has never been moot. There are additional Opt-In Plaintiffs before the Court and the Court has not entered judgment for Abercrombie.[17]

Moreover, Plaintiffs have not only made clear that they will promptly seek certification of a conditional collective to pursue FLSA claims, they have also requested, at the last status conference, that the Court permit motions for certification of a Rule 23 class when sufficient discovery has taken place (as of that date no discovery had taken place because Abercrombie refused to provide any discovery, based upon its theory that its deficient offers of judgment absolved it of discovery compliance, which the Court rejected at the last status conference and ordered discovery to commence). Regardless what may be acceptable with respect to making offers of judgment to Opt-In Plaintiffs (and Abercrombie's have been insufficient in this case, in

---

[17] Under the same circumstances, other courts have concluded that FLSA collective actions are not moot, even after *Genesis*. *See, e.g., Morse*, 2014 U.S. Dist. LEXIS 59863, at *23 (holding that FLSA case should not be considered moot "when there is a motion for conditional certification pending, but the offer [of judgment] is made before the motion is granted or any other plaintiffs have opted into the class").

any event), this Court should not countenance Abercrombie's attempt to moot the Rule 23 relief sought in this case (any more than it countenanced Abercrombie's refusal to engage in discovery because it desired dismissal of the case). *See Velasquez II* at 468 ("[I]n light of *Genesis*, there is a question as to the continuing viability of the 'picking off' theory in any action other than those sought to be certified under Rule 23."). Indeed, Rule 23 decisions allowing claims to survive mootness challenges were found inapposite by the Court in *Genesis*, on the ground that "Rule 23 actions are fundamentally different from collective actions under the FLSA." 133 S.Ct. at 1529. Abercrombie cites no controlling case to support the proposition that an entire Rule 23 class action can become moot if the claims of the named plaintiff become moot. *See* Defs' Mem. at 20.[18] And Supreme Court precedent is to the contrary. *See generally Roper*, 445 U.S. 326.

Finally, Abercrombie relies throughout its motion on an assertion that no depositions have been taken and only limited documents have been exchanged. *See, e.g.*, Defs' Mem. at 21. As noted, any delay in discovery resulted from Abercrombie's unilateral decision that because it claimed the case was over, it need not do anything. Plaintiffs propounded discovery promptly in January, promptly moved to compel when Abercrombie refused to respond, and moved to compel it (Dkt. No. 40) and, at the May 13, 2014 status conference, the Court rejected Abercrombie's stonewalling, ordered discovery to proceed, and sent the parties to see Judge Wall who, that day, compelled immediate discovery responses from Abercrombie. Dkt. No. 76. As a consequence, discovery is now underway and both Ms. Hepler and an Opt-In Plaintiff,

---

[18] The cases Abercrombie cites (at 20) are not to the contrary. *Franco v. Allied Interstate LLC*, No. 13 Civ. 4053, 2014 U.S. Dist. LEXIS 47077 (S.D.N.Y. Apr. 2, 2014), held that the pending actions was moot in the context of the Fair Debt Collection Practices Act ("FDCPA") where plaintiff asserted only a damages claim and the adequacy of defendant's Rule 68 offer was not disputed. *Ambalu*, also an FDCPA case, did not involve a dispute about the adequacy of plaintiff's Rule 68 offer of judgment and noted that plaintiff had not moved for class certification more than a year after receiving the offer. *See* 194 F.R.D. at 453.

Hillary Gibbs, have been deposed by Abercrombie. Documents related to both deponents, as well as additional materials, have also been produced and additional productions are expected. The status of discovery in this case thus supports this Court's continued jurisdiction over all claims.

## CONCLUSION

For the foregoing reasons, Abercrombie's motion to dismiss should be denied.

22

Dated:  August 8, 2014

Respectfully submitted,

KLAFTER OLSER & LESSER LLP

_/s/ Seth R. Lesser_
Seth R. Lesser
Fran L. Rudich
Two International Drive, Suite 350
Rye Brook, New York 10573
(914) 934-9200 (Tel.)
(914) 934-9220 (Fax)
seth@klafterolsen.com
fran@klafterolsen.com

Bradley L. Berger
BERGER ATTORNEY P.C.
321 Broadway
New York, New York 10007
(800) 529-4444 (Tel.)
bradberger29@gmail.com

Silvija A. Strikis (*pro hac vice*)
Andrew M. Hetherington (*pro hac vice*)
KELLOGG, HUBER, HANSEN,
   TODD, EVANS & FIGEL, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
(202) 326-7900 (Tel.)
(202) 326-7999 (Fax)
sstrikis@khhte.com
ahetherington@khhte.com

**ATTORNEYS FOR PLAINTIFF**

23

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2014, the foregoing document was served upon the

following parties and participants by electronic mail:

John Ho (JH-7831)
Hilary L. McHugh
BOND, SCHOENECK & KING
600 Third Ave., 22nd Floor
New York, NY 10016
Telephone: (646) 253-2320
Facsimile: (646) 253-2301
Email: jho@bsk.com
hmoreira@bsk.com

Mark A. Knueve
Daren S. Garcia
Natalie M. McLaughlin
Michael J. Ball
VORYS, SATER, SEYMOUR & PEASE LLP
52 E. Gay Street
Columbus, OH 43215
Telephone: (614) 464-6400
Facsimile: (614) 464-6350
Email: maknueve@vorys.com
dsgarcia@vorys.com
nmmclaughlin@vorys.com
mjball@vorys.com

*Attorneys for Defendants*

                                                   /s/ Seth R. Lesser
                                               Seth R. Lesser
                                               KLAFTER, OLSEN & LESSER LLP
                                               Two International Drive, Suite 350
                                               Rye Brook, New York 10573
                                               Telephone: (914) 934-9200
                                               Facsimile: (914) 934-9220

## CERTIFICATE OF SERVICE

I, Michael J. Ball, hereby certify that on August 25, 2014, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Seth R. Lesser
Fran L. Rudich
Klafter Olsen & Lesser LLP
Two International Drive, Suite 350
Rye Brook, NY  10573
Email: slesser@klafterolsen.com
       Fran.Rudich@klafterolsen.com

Andrew M. Hetherington
Silvija A. Strikis
Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC
1615 M Street NW, Suite 400
Washington, DC  20036-3209
Email: ahetherington@khhte.com
       sstrikis@khhte.com

Bradley I. Berger
Berger Attorney P.C.
321 Broadway
New York, NY  10007
Email: bradberger29@gmail.com

*/s/ Michael J. Ball*
Michael J. Ball
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
PO Box 1008
Columbus, OH 43216-1008
614.464.5625 (direct)
614.719.5297 (fax)
Email:  mjball@vorys.com