UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VERONIQUE HEPLER, individually and on
behalf of all others similarly situated,

                            Plaintiff,                MEMORANDUM AND ORDER

     -against-                                   CV 13-2815 (LDW) (SIL)

ABERCROMBIE & FITCH CO., and
ABERCROMBIE & FITCH STORES, INC.,

                            Defendants.
------------------------------------------------------------X
WEXLER, District Judge

       Plaintiff Veronique Hepler ("Helper") filed this action on May 10, 2013 against defendants Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc., asserting a putative class action under the Fair Labor Standards Acts ("FLSA") for unpaid overtime (First Claim), as well as supplemental state law class claims under New York Labor Law ("NYLL") for unpaid overtime (Second Claim) and failure to comply with notice and record keeping requirements (Third Claim). After the action was commenced, opt-ins Edith Buckland ("Buckland") and Dominique Marceau ("Marceau") joined as plaintiffs in the prosecution of claims. On February 18, 2014, defendants served an Offer of Judgment under Rule 68 of the Federal Rules of Civil Procedure ("FRCP") on Hepler and opt-ins Buckland and Marceau ("Rule 68 Offer"). Buckland accepted the Rule 68 Offer, and Hepler and Marceau impliedly rejected the Rule 68 Offers when they expired by rule on March 4, 2014. Before the Court is defendants' motion to dismiss this action as moot under FRCP 12(b)(1). Plaintiffs oppose the motion.

In support of their motion, defendants argue (1) that the Rule 68 Offers exceeded the maximum amount that Hepler and opt-in Marceau could recover on their FLSA claim, thereby rendering that claim moot and requiring its dismissal; and (2) that the Court should decline to exercise supplemental jurisdiction over the supplemental state law claims given the dismissal of the only federal claim. In opposing the motion, plaintiffs concede that the Rule 68 Offers exceeded the maximum amount that Hepler and Marceau could recover on their FLSA claim, but they argue that the Rule 68 Offers do not render this action moot for various reasons, including: (1) the Rule 68 Offers do not account for other relief sought in the complaint, specifically, declaratory and injunctive relief under the FLSA and NYLL; (2) the Rule 68 Offers do not provide for all of the monetary damages obtainable in the case, namely, additional liquidated damages under NYLL (Second Claim) and statutory damages under NYLL (Third Claim); (3) additional plaintiffs have joined this action, albeit after the Rule 68 Offers; and (4) plaintiffs have moved for conditional certification under the FLSA, albeit after the Rule 68 Offers.

Upon consideration, the Court finds that this action is moot, and declines to exercise supplemental jurisdiction over the state law claims, *see* 28 U.S.C. § 1367(c)(3). Contrary to plaintiffs' arguments, the FLSA does not permit the injunctive or declaratory relief they seek. *See N.Y. State Court Clerks Ass'n v. Unified Court Sys. of the State of N.Y.*, No. 13 Civ. 7691, 2014 WL 2604106, at *7 (S.D.N.Y. June 9, 2014) ("[O]nly the United States Secretary of Labor is authorized to seek injunctive relief for alleged

violations of the FLSA's minimum wage and overtime compensation provisions."); *Briggs v. Arthur T. Mott Real Estate LLC*, No. 06-0468 (DRH) (WDW), 2006 WL 3314624, at *3 (E.D.N.Y. Nov. 14, 2006) ("Briggs was no longer an employee of Defendant when this action was commenced and fails to allege that he was either discharged or discriminated against for filing this action. He is therefore not entitled to equitable relief, which includes declaratory relief."). Moreover, the offer of full recovery under the FLSA claim rendered that claim moot notwithstanding potential further recovery of certain damages under the state law claims (over which the Court declines to exercise supplemental jurisdiction). *See Velasquez v. Digital Page, Inc.*, 842 F. Supp. 2d 486, 488 (E.D.N.Y. 2012) (collecting cases).[1] Lastly, neither the belated joining of new opt-in plaintiffs nor plaintiffs' motion for conditional certification made after the Rule 68 Offers precludes dismissal for mootness or revives their moot FLSA claim. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530; *Silva v. Tegrity Personnel Servs., Inc.*, 986 F. Supp. 2d 826, 835 (S.D. Tex. 2013); *Ritz v. Mike Rory Corp.*, 959 F. Supp. 2d 276, 279-80 (E.D.N.Y. 2013) ("A case is dismissed as moot when an offer of full relief to the named plaintiff is rejected and no other parties have opted into the litigation despite

---

[1]The parties dispute whether plaintiffs are entitled to recover "additional" liquidated damages under the NYLL (Second Claim). Given that the FLSA claim is moot and that the Court declines to exercise supplemental jurisdiction over the state law claims, the Court need not determine whether plaintiffs are entitled to recover "additional" liquidated damages under the NYLL.

reasonable opportunity to do so, especially if no motion for conditional certification has been made" (citing cases)).

For the above reasons, defendants' motion to dismiss is granted. Accordingly, plaintiffs' FLSA claim is dismissed as moot; and the Court declines to exercise supplemental jurisdiction over the state law claims, which are dismissed without prejudice. The Clerk of Court is directed to close the file in this action.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      October 3, 2014