# KLAFTER OLSEN & LESSER LLP
### ATTORNEYS AT LAW

Two International Drive • Suite 350 • Rye Brook, NY 10573
914-934-9200 • Fax 914-934-9220 • www.klafterolsen.com

October 20, 2014

**VIA ECF**
Hon. Leonard D. Wexler
United States District Court
    Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Hepler, et al., v. Abercrombie & Fitch Co., et al.*, 13-cv-2815-LDW-WDW

Dear Judge Wexler:

      We represent Plaintiffs in the above-captioned case brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and we write with the consent of Defendants. The parties have agreed upon the attached stipulation, the purpose of which is to have the Court amend the Judgment (Dkt. 121) entered in this action on October 7, 2014.

      The reason for this proposed amended judgment is that the Court's Memorandum and Order of October 3, 2014 (the "Memorandum and Order") dismissed as moot the claims of named Plaintiff Hepler and Opt-in Plaintiff Domonique Marceau, but it did not address the status of the other individuals who had opted into the case – and who either accepted offers of judgment that had been tendered by the Defendants or who were not extended offers of judgment. The Memorandum and Order left the status of both of these sets of individuals potentially ambiguous and the parties agree that their status should be that as set forth in the proposed amended judgment. This clarification, which is permissible under both or either of Federal Rules of Civil Procedure 59(e) and 60, would, accordingly, provide that (1) that the Court retains jurisdiction to enforce offers of judgment that have been accepted by those opt-ins who were extended offers and accepted them (should any enforcement issues arise hereafter); (2) that with respect to those opt-ins who were not tendered offers of judgment, that their claims are dismissed without prejudice, that the judgment is final with respect to them under Fed. R. Civ. P. 54(b) and that the FLSA statute of limitations for Marceau and these other opt-ins should be tolled.[1]

---

[1]    Without a toll, these Plaintiffs will be pressured to file multiple cases, potentially in multiple courts, in order to avoid a statute of limitations defense. The parties agree that it makes far more sense for everyone to avoid the filing of multiple new actions. The parties also agree that it makes far more sense to avoid potential litigation as to whether the statute of limitations is running so long as a possibility of an appeal exists as to the Court's October 3, 2014 ruling.



NEW YORK • NEW JERSEY • WASHINGTON, DC

Hon. Leonard D. Wexler
October 20, 2014
Page 2 of 2

      The parties, accordingly, request that the Court "So Order" the attached stipulation so that the Clerk could enter its attached amended judgment. The parties, of course, are available to address any questions that the Court may have.

      We thank the Court for its attention to this matter.

                                    Respectfully Submitted,

                                    Seth R. Lesser

cc:     Courtesy Copy to Chambers (via Federal Express)
        Counsel of Record (via ECF and electronic mail)