**MANDATE**

14-4113-cv
Hepler v. Abercrombie & Fitch Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         ROSEMARY S. POOLER,
         PETER W. HALL,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
VERONIQUE HEPLER, individually and on
behalf of all others similarly
situated, DOMINIQUE MARCEAU, HILLARY
GIBBS, SHURIKA ROBERTS-CRAWFORD, REED
HOFFMAN, CYNTHIA CHAN, CAITLYN
ANGELIDIS, PATRICK O'CONNELL, HOLLY
ADRIAANSEN, KATHERINE BLAU, JENNY
SAM,
        Plaintiffs-Appellants,

        -v.-                                          14-4113-cv

ABERCROMBIE & FITCH CO., ABERCROMBIE &
FITCH STORES, INC.,

1

MANDATE ISSUED ON 07/13/2015

          **Defendants-Appellees**.[*]
- - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**       SETH R. LESSER (Fran L. Rudich, Klafter Olsen & Lesser LLP, Rye Brook, New York, Bradley L. Berger, Berger Attorney P.C., New York, New York, <u>on the brief</u>), Klafter Olsen & Lesser LLP, Rye Brook, New York.

**FOR APPELLEES:**       DAREN S. GARCIA (Mark A. Kneuve, Michael J. Ball & Natalie M. McLaughlin, <u>on the brief</u>), Vorys, Sater, Seymour and Pease LLP, Columbus, Ohio.

    Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, <u>J.</u>).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** and that this matter be **REMANDED**.

    Plaintiffs appeal from the judgment of the United States District Court for the Eastern District of New York (Wexler, <u>J.</u>), dismissing as moot their claims against Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc. (collectively, "Abercrombie"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

    On appeal from a judgment of dismissal for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions <u>de novo</u>. <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000).

    **1.**   The following analysis applies to offers of judgment:[1]

---

[*]   The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

[1]   The offer need not comply with the requirements of Federal Rule of Civil Procedure 68. <u>Doyle v. Midland Credit</u>

(a) If the offer tenders *less than complete* relief, the plaintiff is free to accept or not. If such an offer is accepted, the court must enter judgment accordingly and terminate the case; if such an offer is not accepted, the case proceeds as usual. Tanasi v. New Alliance Bank, --- F.3d ---, 2015 WL 2251472 (2d Cir. 2015). Under certain circumstances, an unaccepted offer may shift costs to the offeree. See Fed. R. Civ. P. 68(d).

(b) If the offer tenders *complete* relief, the court should (absent additional procedural complications) enter judgment pursuant to the terms of that offer, with or without the plaintiff's consent. McCauley v. Trans Union, L.L.C., 402 F.3d 340, 341 (2d Cir. 2005); Cabala v. Crowley, 736 F.3d 226, 228 (2d Cir. 2013) (per curiam); accord Tanasi, slip op. at 12. A defendant offering judgment for complete relief is, in essence, submitting to the entry of default judgment. Abrams v. Interco Inc., 719 F.2d 23, 32 (2d Cir. 1983) (Friendly, J.). Just as a defendant may end the litigation by allowing default judgment, a defendant may always end the litigation by offering judgment for all the relief that is sought. Id.; McCauley, 402 F.3d at 342.

We have described an offer of judgment for complete relief as "mooting" the case. However, the *offer by itself* does not moot anything, Tanasi, slip op. at 11-12, since an offer cannot bind the defendant to provide relief, McCauley, 402 F.3d at 342. It is the entry of *judgment* pursuant to that offer that "moots" the case. Tanasi, slip op. at 11-12; McCauley, 402 F.3d at 342. Mootness, in the constitutional sense, would require dismissal for lack of subject matter jurisdiction. An unaccepted offer of judgment, however, does not impair subject matter jurisdiction: the court retains jurisdiction to either enter judgment in favor of the plaintiff (if the offer tenders complete relief) or allow the case to proceed (if the offer does not).

**2.** In light of the foregoing, the district court erred by dismissing the case for lack of subject matter jurisdiction based on Abercrombie's unaccepted offers of

---

Mgmt., Inc., 722 F.3d 78, 79 (2d Cir. 2013) (per curiam). It must, however, be an offer of *judgment*, not simply an offer of settlement. Cabala v. Crowley, 736 F.3d 226, 228-29 (2d Cir. 2013) (per curiam).

judgment to Hepler and Marceau. Accordingly, we vacate and remand for further proceedings consistent with this summary order.

Abercrombie's offers of judgment have, by now, lapsed. Should Abercrombie renew those offers on remand, the court should consider the following:

(a) We have previously addressed the appropriate course of action when a court rules that certain relief is unavailable, and the defendant subsequently makes an offer of judgment for the remaining relief. ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 92-93, 95 (2d Cir. 2007); Abrams, 719 F.2d at 32.

(b) As to the state law claims, the complaint alleges not only supplemental jurisdiction, 28 U.S.C. § 1367, but also original federal jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

For the foregoing reasons, and finding no merit in Abercrombie's other arguments, we hereby **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this summary order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4